JOHN FARMER, COUNTY TREASURER, v. W. N. SHAW.

No. 883. Decided March 22, 1900.

1. County Judge—Commissioners Court—Compensation.

Articles 2450 and 2466, Revised Statutes, are not necessarily inconsistent, and an allowance by the commissioners court of an annual salary of $1500 to the county judge, under the former article, for presiding over that court and other official business, will not prevent him from drawing also the compensation of $3 per day allowed by .the latter article for sitting as a member of such court. (Pp. 443-445.)

2. Same—Statutory Construction—History of Enactment.

Where the meaning of a statute is doubtful it is proper to recur to the history of the enactment in order to throw light on its construction and ascertain the intent of the Legislature. (P. 444.)

3. Same—Statutes Construed.

Reviewing the history of the enactments culminating in the present Revised Statutes, articles 2450 and 2466 (Revised Statutes, 1879, articles 2386, 2402; Act August 23, 1876, sections 6 and 14), held, that the purpose was to provide by article 2450 that the county judge should receive at least as much as a commissioner, while sitting as a member of that court; and by article 2466 that the court might allow him further compensation, as a part of his general salary, for incidental services. (Pp. 443-445.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Harris County.

*S. E. Tracy, T. S. Smith, R. H. Ward*, and *T. S. Reese*, for appellant.—Appellee having been allowed the sum of $1500 per year, as county judge, by the Commissioners Court of Harris County, by orders duly made and entered in the minutes of said court, "for presiding over the Commissioners Court, ordering elections and making returns thereof, hearing and determining civil causes, and transacting all other official business not otherwise provided for," in accordance with article 2450 of the Revised Statutes, he was not entitled to receive in addition thereto pay for presiding over the Commissioners Court at the rate of $3 for each day in accordance with article 2466; the warrant upon which the suit was based being issued to him for his services under said article. Sec. 18, art. 5, Constitution of 1876; sec. 15, art. 5, Constitution of 1876; Acts of 1876, pp. 286, 292; Acts of 1879, pp. 90-93; articles 2386, 2402, Rev. Stats., 1879; articles 2450, 2466, Rev. Stats., 1895.

Articles 2450 and 2466, Revised Statutes of 1895, being in irreconcilable conflict with each other as to the compensation of a county judge as to services for presiding over the commissioners court, it is permissible to resort to the original statute from which said two articles were taken, which is an act entitled "An Act to fix and regulate the fees of all the officers of the State of Texas, and of the several counties thereof," approved August 23, 1876 (see Acts 1876, pages 284 to 294), for the purpose of ascertaining the intent of the Legislature in determining whether those portions of said two articles of the Revised Statutes above

cited which conflict with each other were not inserted in the Revised Statutes by the codifiers by inadvertence or mistake. Said Act of 1876 shows that the Legislature intended to give a county judge his salary for compensation for presiding over the commissioners court, and only intended to give the other members of the commissioners court per diem compensation; said act controls said two articles of the Revised Statutes, and removes the conflict, and deprives the county judge of any right to a per diem compensation under article 2466. Sec. 18, art. 5, Constitution of 1876; sec. 15, art. 5, Constitution of 1876; secs. 6, 14, Acts of 1876, pp. 286, 292; Acts of 1879, pp. 90, 91, 92, 93; Arts. 2386, 2402, Rev. Stats., 1879; Art. 2450 (2386), Rev. Stats., 1895; Art. 2466 (2402), Rev. Stats., 1895; Black on Interp. of Laws, 368, 369; Endlich on Interp. of Laws, secs. 40, 202; Braun v. State, 49 S. W. Rep., 622; Nicholson v. Railway, 49 Ala., 205; Pratt v. Street Coms., 139 Mass., 563; Ex Parte Ray & Defoe, 45 Ala., 19; United States v. Bowen, 100 U. S., 513; Myer v. Car Co., 102 U. S., 11; Victor v. Arthur, 104 U. S., 499. The following authorities bear directly upon the proper construction of a revision of the laws: St. Louis v. Alexander, 23 Mo., 509; City of Cape Girardeau v. Riley, 52 Mo., 428; Stafford v. Creditors, 11 La. Ann., 470; Wright v. Oakley, 5 Metc., 406; Groetz v. McKinzie, 3 Wash., 194, 225; Mobile Savings Bank v. Patty, 16 Fed. Rep., 751.

Section 18 of article 5 of the Constitution of 1876 reads: "Each county shall in like manner be divided into four commissioners' precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years. * * * The county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners court."

There can be under this constitutional provision but four county commissioners, one for each commissioner's precinct. These commissioners are elected and act for their respective precincts. The Constitution nowhere provides for or recognizes more than four county commissioners. The constitutional provision above says that "the county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners court." We think that this plainly means that this court can only consist of the commissioners "so chosen," that is, the four commissioners, one elected for each precinct. That the commissioners court can only be composed of the four commissioners, but the county judge presides over the court. That court is composed of four commissioners, but the county judge is presiding officer. That the county judge is not and can not be a county commissioner, but is presiding officer of the court, consisting of but four commissioners. That the county judge does not preside over the court as a county commissioner, nor participate in its business or deliberations as a county commissioner, but does so by virtue of being county judge, and as such the presiding officer of the court. Article 2450 reads as follows: "For presiding over the commissioners court, ordering elec-

tions and making returns thereof, hearing and determining civil causes and transacting all other official business not otherwise provided for, the county judge shall receive such salary from the county treasury as may be allowed by order of the commissioners court." The appellee has drawn from the county treasury a salary of $1500 a year, under an order allowing him that amount. The order refers to said article 2450, and gives him this salary for the services set forth in this article, and among the purposes enumerated was "for presiding over the commissioners court." This construction makes the county judge occupy a dual position. It makes him a county commissioner, and in addition thereto it makes him the presiding officer of the court, and recognizes the performance by him of duties of both positions and in both capacities, and allows him pay as a county commissioner and additional pay as presiding officer. We urgently insist that the county judge is not a county commissioner, does not perform the duties of a county commissioner, but in the language of the Constitution, he is the "presiding officer of the court." The Constitution makes the county judge ex officio presiding officer of the commissioners court, and invests him with no other authority. There can be no escape from the proposition that every act that the county judge does or can perform when sitting with the commissioners court, must be referable to the constitutional power he possesses to sit with it as its presiding officer. He is clothed with no other official function or relation with said court, by the Constitution, than its presiding officer. If he exercises any function or powers that are not embraced in his duties of presiding officer, then he is exercising functions or powers not vested in him by the Constitution. He can not be a member of the court and its presiding officer at the same time, discharging different duties incident to each position, and drawing double compensation, one for duties as presiding officer and the other for discharging duties as a member of the court. We might very pertinently, at this point, ask what duties does he perform as presiding officer, and what duties does he perform as a member of the court? How can these duties be separated and distinguished so that the two distinct acts can be classified and recognized. Under article 2450, the commissioners court allowed appellee $1500 per annum for presiding over the commissioners court, the only duty that was or could have been performed by him under the Constitution. Whatever act or duty he did or performed, he so did or performed in his capacity of presiding officer, because the Constitution gave him no other power or relation with the commissioners court. Article 2466 says: "Each county commissioner, and the county judge, when acting as such, shall receive from the county treasury * * * the sum of three dollars for each day he is engaged in holding a term of the commissioners court * * * ." Can or does the county judge act as county commissioner? If he acts as a county commissioner, then the county has five county commissioners, notwithstanding the Constitution limits the number to four, one for each of the four commissioners' precincts.

Again, the above section gives the county judge $3 per day for "holding a term of the court." Article 2450 gives him $1500 per annum for "presiding over the court." There may be a difference between "holding the court" and "presiding over the court," but I am unable to grasp or comprehend it. If these two articles do not compensate the county judge for the same service, then article 2466 not only conflicts with article 2450, but it conflicts with section 18 of article 5 of the Constitution, by undertaking to compensate the county judge for "acting as a county commissioner," when the only constitutional power that he possesses is to act as presiding officer of the commissioners court, for which latter service, and which embraces everything that he can do, he is compensated by article 2450.

The commissioners court has no authority to allow a claim against the county which is not provided for, either expressly or by necessary implication, by some constitutional provision or legislative enactment. Constitution, article 5, sec. 18; 1 Dillon, Mun. Corp., secs. 89, 90, quoted with approval in Williams v. Davidson, 43 Texas, 20; Cook County v. McCrea, 93 Ill., 236.

The county treasurer will not be compelled to pay a claim against the county allowed by the commissioners court without authority of law. Rev. Stats., art. 930; Foster v. Coleman, 10 Cal., 278; McDonald v. Maddux, 11 Cal., 187; San Joaquin v. Jones, 18 Cal., 327; Keller v. Hyde, 20 Cal., 593; Hunter v. Board, 48 Ind., 177; Supervisors v. Ellis, 59 N. Y., 620.

If the warrant in question was issued upon a claim which the commissioners court had no authority to allow, their action in again ordering the county treasurer to pay it, when referred to the court by him under the provisions of article 930, gave no validity to their first unauthorized act, and imposed no additional obligation upon the county treasurer to pay the warrant.

*F. L. Schwander,* for appellee.—Appellee was entitled to judgment and mandamus against appellant as county treasurer of Harris County, to compel the payment of the $3 per day prescribed as fees to appellee as county judge by article 2466 of the Revised Statutes of 1895, notwithstanding the prior payment to appellee of $125 per month under the order of Commissioners Court for services done, for which no fees had been prescribed by law. Chap. 55, entitled "An Act to organize commissioners courts and to define their jurisdiction and duties and provide for vacancies therein," approved July 22, 1876, commencing on page 51 of the General Laws of Texas of 1876, and especially section 14 of said act; Act of 1876, chap. 64, entitled "An Act to fix and regulate the fees of all the officers of the State of Texas and the several counties thereof," and especially secs. 6 and 14 of said act, pp. 285, 292, General Acts of 1876; Rev. Stats. 1895, art. 2450, 2466; Railway v. Rambolt, 67 Texas, 654; Gibbons v. Brittenum, 56 Miss., 349.

Article 2466 of the Revised Statutes of 1895 by its terms is clear and

unambiguous, and distinctly prescribes that appellee should be paid the sum of $3 per day for every day's presiding over the commissioners court.

The courts therefore have no authority to construe said article nor to resort to aliunde evidence to determine the legislative intent. Whatever may have been the invalidity in article 2450, and whatever conflict may exist between said article 2450 and article 2466, it is still manifest, upon every canon of construction, that appellee was entitled to recover and compel the payment of the fees prescribed in article 2466. Said article is last in position in the code of revision, and if either of said articles must give way on account of conflict, then article 2450 must give way and article 2466 stand intact. See 67 Texas and 56 Miss., supra.

The language of articles 2450 and 2466 being clear and unambiguous and the legislative intention manifest, there is no room for construction, and it is not competent to resort to evidence aliunde of any character to ascertain the legislative mind. Rev. Stats., 1895, arts. 2466, 2450; United States v. Bowen, 100 U. S., 511; Victor v. Arthur, 104 U. S., 498.

The salary allowed the county judge for presiding over the commissioners court, provided for in article 2450, Revised Statutes of 1895, was intended to be supplementary to the fees expressly provided by other articles of the statutes for particular services.

GAINES, Chief Justice.—The Court of Civil Appeals for the Third Supreme Judicial District have certified the following statement and questions:

"This is an action by appellee, W. N. Shaw, county judge of Harris County, Texas, against John Farmer, as county treasurer of Harris County, Texas, in the nature of a mandamus proceeding to compel him to pay a warrant drawn in favor of said Shaw by order of the Commissioners Court, for the sum of $177, which he claimed he was entitled to and earned at the rate of $3 a day while he was sitting as a member of the Commissioners Court, he being judge of the County Court at said time. The trial court granted the relief asked by the county judge, from which judgment the county treasurer appealed.

"The facts in the case are undisputed and are as follows:

"The appellee, W. N. Shaw, was the county judge of Harris County, Texas, from November 14, 1896, to November 17, 1898, and as such did serve fifty-nine days as a member of the Commissioners Court of said county. That the Commissioners Court of said county on November 18, 1898, ordered the clerk of the County Court to issue a warrant upon the county treasurer, John Farmer, in favor of said Shaw for $177, being compensation for fifty-nine days' services at $3 per day, the same to be paid out of the general fund. That during the whole of his term of office as county judge, the said Shaw drew a salary of $125 per month under an order made by the Commissioners Court, as follows:

" 'Monday, February 14, 1898.—Ex officio salary of county judge. On motion, it is ordered that the county judge be and he is hereby allowed the sum of $1500 per annum, commencing December 1, 1897, to be paid monthly out of the general fund, for presiding over the Commissioners Court, ordering elections and making returns thereof, hearing and determining civil causes, and transacting all other official business not otherwise provided for. Provided for by article 2450.'

"That the above $177 is claimed for the same period of time during which the said Shaw received the above salary of $125 per month.

"That the appellant, John Farmer, is the county treasurer of Harris County and has held that office for more than five years, and, as such county treasurer, had on hand and now has on hand in the general fund sufficient money to pay said warrant for $177; that appellee, W. N. Shaw, after receiving said warrant for $177 presented the same to appellant, John Farmer, as county treasurer, and demanded the payment of the same, which said Farmer refused to do, on the ground that he doubted the legality of the right of the county judge to receive $3 per day for acting as a member of the Commissioners Court. That thereafter said county treasurer referred back to the Commissioners Court for their directions the legality of said warrant and his right to pay the same, whereupon the County Commissioners Court adopted an order commanding the said treasurer to pay said warrant out of the general fund; that thereupon said Shaw again presented said warrant to said treasurer and demanded that he register, classify, and pay said warrant, all of which he refused to do.

"Question 1. Under the above facts, was W. N. Shaw entitled to receive payment of the above warrant for $177, the same being for services as a member of the Commissioners Court for fifty-nine days at $3 per day, under and in accordance with article 2466 of the Revised Statutes, he having, during the same period of time, drawn a salary of $1500 per annum as county judge, payable monthly, under and in accordance with an order of the Commissioners Court, made and passed under and by authority of article 2450 of the Revised Statutes, which order stated that the salary was 'for presiding over the Commissioners Court, ordering elections and making returns thereof, hearing and determining civil causes, and transacting all other official business not otherwise provided for. Provided for by article 2450?'

"Question 2. Was it intended by article 2466, Revised Statutes, that the county judge should receive $3 per day as compensation as a member of the Commissioners Court, and by article 2450 to give him extra compensation as a salary for presiding over the Commissioners Court, and for other official services mentioned in that article?

"Question 3. If the above question should be answered in the affirmative, then does article 2466, Revised Statutes, violate section 18 of article 5 of the Constitution?"

The articles which have given rise to this controversy are parts of chapter 3 of title 45 of the Revised Statutes. The title relates to "fees

of office," and chapter 3 prescribes the fees and compensation which shall be allowed to county officers. Articles 2447 to 2449 prescribe certain fees that shall be allowed the county judge, and then follows article 2450, which reads as follows: "For presiding over the Commissioners Court, ordering elections and making returns thereof, hearing and determining civil causes, and transacting all other official business not otherwise provided for, the county judge shall receive such salary from the county treasury as may be allowed him by order of the commissioners court." The article that is claimed to be in conflict with this is article 2466, which provides that, "Each county commissioner, and the county judge when acting as such, shall receive from the county treasury, to be paid on the order of the commissioners court, the sum of three dollars for each day he is engaged in holding a term of the commissioners court, but such commissioners shall receive no pay for holding more than one special term of their court per month." It is contended on behalf of the appellant that the articles quoted, in so far as they provide a compensation for the county judge for presiding over the commissioners court, are inconsistent, and the history of these provisions is referred to in order to show that so much of article 2466 as relates to the county judge was inserted by mistake. We concur with counsel in the proposition that when the meaning of a statute is doubtful, it is proper to recur to the history of the enactment in order to throw light upon its construction and to ascertain the intent of the Legislature; but we do not concur in the proposition that the course of the legislation on this subject tends in any degree to support their contention. On the contrary, we think that its effect is to show that the passage of article 2466 in its present form was the result of a carefully considered and a well defined purpose. Article 2450 is re-enacted from article 2386 of the Revised Statutes of 1879, which, in its turn, is taken, without any material change, from section 6 of the "Act to fix and regulate the fees of all officers," etc., approved August 23, 1876. Article 2466 (which is the same as article 2402 of the Revised Statutes of 1879) is an amendment of section 14 of the same act, which section is as follows: "Each commissioner shall receive three dollars per day for each day he is engaged sitting as a member of term of the county commissioners court; provided, no per diem shall be paid said commissioners for more than one special term per month."* The amendment consists in adding after the word, "commissioner," the words, "and the county judge when acting as such," and extends the operation of the law so as to include an officer who was not before embraced within its express terms. The change is material, and it is unreasonable to say that it was made through inadvertence or mistake. But in reference to that question, it is best to let the commissioners who prepared the Revised Statutes of 1879 speak for themselves. In their report to the Legislature in reference to the "Title" of the Revised Statutes in which the original articles in question are found, they say: "This title has been carefully prepared and arranged, with a view to easy reference. The changes made in the old

law will easily be seen without further special reference." It seems obvious that so unmistakable a change as that wrought by the addition of the language in reference to the county judge was not the result of inadvertence. The manifest purpose was to amend the existing law so as to extend its provisions to the county judge and to provide that he should receive at least for his services in presiding over the commissioners court the same allowance per diem as was allowed to a county commissioner. The language admits of no other construction, and but for article 2450, there could be no question as to giving it effect. If these articles were so inconsistent that both could not stand, then the question would be,—which expresses the real intention of the Legislature? But if they be reasonably consistent, if they can be reasonably reconciled, then both should be given effect. We think it neither inconsistent nor unreasonable for the Legislature to allow the county judge $3 per day for presiding over the commissioners court and to provide, at the same time, that the commissioners may, in their discretion, allow him an additional amount for the same service. Now, when the Act of May 23, 1876, concerning fees of office, came to be revised and incorporated into the Revised Statutes, it was plain to be seen that the only law which provided for compensating the county judge for his services as presiding officer of the commissioners court, was that part of section 6 which now appears as article 2450 of the Revised Statutes, and that under that provision the commissioners might allow him either more or less than they received themselves. It was reasonable to conclude that it was proper to provide that he should receive at least as much as a commissioner, and that in addition thereto, the court might allow him a further compensation, as a part of his general salary, for incidental services. It was to be presumed that in making that allowance, under the new law, the commissioners court would take into consideration the amount allowed by statute and would scale his salary accordingly. We are therefore of the opinion that there is no inevitable conflict between the articles in question, and that therefore article 2466 should be given the effect required by its express terms.

Our conclusion is that the first question should be answered in the affirmative. The answer to the first renders it unnecessary to answer the second and third.

*Note.—The section is quoted as printed and as it appears in the original bill on file in the office of the Secretary of State. Either the words "of term" have been inserted by some clerical misprision or some other word or words have been inadvertently omitted. The meaning, however, is clear.

Gaines.