**HARRISON v. WHITELEY, County Clerk, et al.   (No. 1095–5000.)\***

Commission of Appeals of Texas, Section A.
May 16, 1928.

**1. Process ⟨⟩63—Court acquired no jurisdiction by citation served on defendant on opening day of term at which he was required to appear (Rev. St. 1925, art. 2036).**

Where citation ordering defendant to appear at next regular term beginning May 1, 1922, was served on defendant on the morning of the first day of the term, court acquired no jurisdiction over defendant, under Rev. St. 1925, art. 2036, since citation was functus officio when service was attempted.

**2. Judgment ⟨⟩346—Authority of court to set aside void judgment continues beyond expiration of term, especially where defect appears on record.**

Court has authority to set aside a void judgment after expiration of term, especially where record, on which the judgment is based, reflects the defect.

**3. Judgment ⟨⟩346—Order entered after term vacating judgment based on citation served on defendant at opening day of term held valid (Rev. St. 1925, art. 2036).**

Where citation bringing in another defendant was not served until opening day of term, at which he was required to appear, in violation of Rev. St. 1925, art. 2036, court was without jurisdiction of such defendant, and order entered after the term vacating judgment based on the citation was valid.

Harvey, J., dissenting.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Edward T. Harrison against D. C. Whiteley, County Clerk of Dallas County, and others, to compel defendant named to issue execution on a judgment. Judgment was rendered, dismissing plaintiff's action, and an appeal from the judgment was dismissed by the Court of Civil Appeals (299 S. W. 699), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

J. L. Goggans, of Breckenridge, and R. W. Gray and B. O. Baker, both of Dallas, for plaintiff in error.

Wilson & Biggers, of Dallas, for defendants in error.

NICKELS, J.   February 4, 1922, Guaranty Securities Company filed suit in the county court of Dallas county at law (now county court at Dallas county at law No. 1) against J. C. Crane, Jr., and Edward T. Harrison on a note executed by them for the principal sum of $220.

Harrison filed an (amended) answer April 17, 1922, in which he alleged that when the note was executed Crane, Jr., and J. C. Crane, Sr., were partners, that proceeds of the note "were used in partnership business," and that the "note was in fact the obligation of partnership." Thereupon he prayed that J. C. Crane, Sr., be made a party, that citation issue for him, and that he (Harrison) have judgment over against him (Crane, Sr.) for any amount that might be recovered by Guaranty Securities Company. On that day citation issued commanding Crane, Sr., to appear at the next regular term (which began May 1, 1922) in response to Harrison's answer. The citation, according to the sheriff's return, was served on Crane, Sr., at 8:45 a. m., May 1, 1922.

July 31, 1922 (at a term succeeding the one commencing May 1, 1922), judgment was rendered in the cause. Amongst other things, the judgment (a) recites due service on Crane, Sr., and his default and (b) awards Harrison recovery over against Crane, Sr., Crane, Jr., and "J. C. Crane & Co." in the principal sum of $234.06 costs, etc.

August 1, 1922, Crane, Sr., filed answer in reply to Harrison's "answer" (above mentioned), including general demurrer, special exceptions, general denial, "and an answer to the merits." September 29, 1923 ("several terms of court" having passed), Crane, Sr., filed a "motion to vacate  *  *  *  the above mentioned judgment" and for "a trial of said cause of action on its merits," in which he set up the fact of service of citation upon him on May 1, 1922, in consequence of which he said "the service was void" (because service was not had before the "return day" of the citation issued April 17, 1922) ; he alleged lack of any other service.

May 13, 1924, Harrison filed a motion to "strike out" the one just mentioned "on the ground that the court was without jurisdiction to hear and determine same because the term  *  *  *  at which said judgment was rendered had long since expired." March 28, 1925, Harrison filed an amended motion to strike, in which he elaborated the grounds formerly stated, alleged sufficiency of service (at 8:45 a. m., May 1, 1922) ; that since "appearance day" was May 2, 1922, Crane, Sr. (after service), "had ample time to prepare his defense and make appearance"; that Crane, Sr., had "actual notice of the entry of the judgment shortly after it was entered"; that Crane, Sr., did not allege that he was prevented from making defense by fraud, accident, or mistake, or that he had a meritorious defense, etc.; and that "no equitable reason" was "given why said judgment should be set aside." Crane's allegations of lack of any service whatever, save that shown on May 1, 1922, were not denied.

April 18, 1925, the motions were heard, Harrison's motion was overruled, that of Crane, Sr., was sustained, and the judgment vacated (as to him) "only on the ground that the service  *  *  *  was insufficient  *  *  *

and judgment rendered thereon void." Thereafter, on April 18, 1925, Harrison demanded that Whiteley, county clerk, issue execution on the judgment to be levied on property of Crane, Sr. Whiteley refused, on the ground of vacation of the judgment.

Harrison filed suit in the district court of Dallas county (Ninety-Fifth district) against Whiteley "as county clerk" and, perforce, clerk of the court in which the former proceedings were had, and J. C. Crane, Sr., alleging the facts hereinabove stated (and others). He prayed that—

"This court issue a writ of mandamus requiring and compelling said D. C. Whiteley, as county clerk of Dallas county, Tex., and clerk of the county court of Dallas county at law No. 1, Dallas county, Tex., and his successors in office to issue the execution above referred to, and any other executions as required by law in said cause; that J. C. Crane, Sr., his heirs, executors, administrators, assigns, attorneys, agents, and representatives be perpetually enjoined from the further prosecution and trial of the case of Guaranty Securities Company v. J. C. Crane et al., No. 32821–A, now pending on the docket of the county court of Dallas county at law No. 1, Dallas county, Tex.; that in aid of this court's jurisdiction the judge of the county court of Dallas county at law No. 1, Dallas county, Tex., and his successors in office be perpetually enjoined and restrained from trying said cause and from taking any further action therein, except to set aside the order heretofore entered therein on April 18, 1925, granting J. C. Crane, Sr., a new trial; that, a writ of mandamus issue to the judge of the county court of Dallas county at law No. 1, Dallas county, Tex., commanding him to set aside the order heretofore entered on April 18, 1925, granting J. C. Crane, Sr., a new trial; that a writ of prohibition issue, directing the judge of the county court of Dallas county at law No. 1, Dallas county, Tex., and his successors in office, and J. C. Crane, Sr., his heirs, executors, administrators, assigns, agents, representatives, and attorneys from proceeding any further in said cause, except to set aside the order heretofore entered on April 18, 1925, granting J. C. Crane, Sr., a new trial; and for such other and further relief, general and special, legal and equitable, to which relator may be entitled."

On hearing a general demurrer (interposed by Crane, Sr.) was sustained, Harrison declined to amend, and judgment of dismissal was rendered, and appeal was dismissed by the honorable Court of Civil Appeals, 299 S. W. 699.

Writ of error was allowed upon asserted conflict of the decision of the Court of Civil Appeals here and decisions in Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872; Denman v. Coffee, 42 Tex. Civ. App. 78, 91 S. W. 800; Luckey v. Short, 1 Tex. Civ. App. 5, 20 S. W. 723; Newton v. Leal (Tex. Civ. App.) 56 S. W. 209; and Jefferson v. McFaddin (Tex. Civ. App.) 178 S. W. 714. Upon consideration of the case-made and for reasons to be stated, the conflict, in our opinion, does not exist and the demurrer was properly sustained.

Since a county court would not reasonably be expected to award mandatory relief against its judge or to command its clerk to ignore an unvacated order previously entered, it probably is true that power resides in a district court to compel setting aside of a null order or to compel the county clerk to perform the duty of issuing execution upon an apparently valid judgment as unaffected by a subsequent order which is a nullity. That power, if it exists, rests in the presupposition of an order which is void in the sense of a nullity; else the reasons for the doctrine forbidding collateral attack oppose insuperable difficulties.

[1] And in our opinion the order vacating the judgment of July 31, 1922, is not void. The citation (issued April 17, 1922) was functus officio when service was attempted. Article 2036, R. S. 1925. In consequence, its issuance and service did not confer jurisdiction over Crane, Sr. See Towns v. Harris, 13 Tex. 513; Hester v. Duprey, 46 Tex. 626; Mitchell v. Ireland, 54 Tex. 306; Stephenson v. T. & P. Ry. Co., 42 Tex. 162, 169; Harrington v. Harrington (Tex. App.) 16 S. W. 538; and Mitchell v. Reitz (Tex. Civ. App.) 269 S. W. 279. Lack of service—lack of jurisdiction—affirmatively appears in the "judgment roll." See Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770.

[2, 3] Amongst the powers of a court which persist beyond expiration of its term is authority to set aside a void judgment, especially when the record upon which the judgment is based reflects the vice. Burr v. Lewis, 6 Tex. 76, 82; Milam County v. Robertson, 47 Tex. 222, 232; Ex parte Crenshaw, 15 Pet. 119, 10 L. Ed. 682; 34 C. J. 217. And such was the power used by the county court of Dallas county at law in vacating the judgment of July 31, 1922.

Since the facts which rendered the county court's judgment void and on which that court acted in vacating the judgment appear in the petition filed in the district court, the general demurrer was properly sustained.

We believe the order of the Court of Civil Appeals should have been one of affirmance instead of dismissal; but, since in practical effect the result is the same as if affirmance had been ordered, we recommend affirmance of the judgment of that court.

HARVEY, P. J., dissents.

CURETON, J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.