## HOOD, County Judge, v. CAIN, County Auditor.
### No. 3467.

Court of Civil Appeals of Texas. Amarillo.
Sept. 10, 1930.

Rehearing Denied Oct. 8, 1930.

486

Aynesworth & Aynesworth, of Stinnett, for appellant.

John R. Miller, of Borger, and Thos. B. Ridgell, of Breckenridge, for appellee.

JACKSON, J.

This suit was instituted in the district court of Hutchinson county, Tex., by the plaintiff, H. M. Hood, county judge of said county, upon an application praying that the court issue a writ of mandamus against G. P. Cain, county auditor of said county, compelling him to approve a warrant or voucher on the county treasury for the sum of $250, payable to the plaintiff, for his salary as county judge for the month of March, 1930.

The plaintiff bases his application for and right to a writ of mandamus on an order passed by the commissioners' court of said county on January 3, 1929, reading as follows: "It is ordered by the court that the salary of H. M. Hood, county judge, for ex-officio services and as a member of the commissioners' court be and the same is fixed at $3,000.00 per year, payable monthly."

The defendant attacks the validity of this order, and contends that no writ of mandamus should issue because the order of the commissioners' court was without authority and is invalid, for the reason that Hutchinson county is under the maximum fee bill which limits the salary to be received by the county judge to a sum not to exceed $2,250 per annum.

It is conceded that the order was regularly passed by the commissioners' court and has never been rescinded nor canceled; that Hutchinson county has a population of less than 25,000 inhabitants according to the United States census of 1920; that the plaintiff is county judge; that the defendant is county auditor; that the county has paid the plaintiff the sum of $250 per month for each month from the date of the order until the

month of March, 1930; that there are ample funds in the county treasury subject to the payment of such voucher, and that the amount thereof would be paid if approved by the defendant; that the plaintiff as county judge has never acted as county superintendent and never filed any report with the commissioners' court nor furnished the county auditor an itemized statement of the fees of office received by him.

It is agreed that, if said order is valid and one which the commissioners' court had authority to make, the mandamus should issue; that, under a recent ruling of the Attorney General's office, the defendant refused to approve the voucher for the salary of the county judge for the $250 for the month of March, 1930.

On May 7th, the court issued a writ of mandamus directing the defendant as county auditor to approve for payment two warrants in favor of plaintiff, each for the sum of $187.50, one for March and one for April; and one for each remaining month of the year 1930.

From this judgment both parties appeal.

In the original opinion, the judgment was reversed, and the case dismissed because we were of the opinion that the district court was without jurisdiction in a mandamus proceeding to direct the defendant to approve a warrant or voucher for the sum of $250. This holding we have concluded was error.

In Anderson, Sheriff, v. Ashe, County Auditor, 99 Tex. 447, 90 S. W. 872, 873, the sheriff sought a mandamus to direct the auditor of the county to countersign a warrant for the sum of $225 issued to the sheriff. The Supreme Court, in answering the first certified question propounded to them by the Court of Civil Appeals, which was on jurisdiction, says: "We answer the first question in the affirmative. The amount of the claim was not in controversy in this case. The relator did not seek any judgment of the court as to the amount or the validity of his claim, but simply to enforce the performance of a ministerial act enjoined by law upon the auditor. Luckey v. Short, 1 Tex. Civ. App. 5, 20 S. W. 723."

See, also, Chrestman v. Tompkins (Tex. Civ. App.) 5 S.W.(2d) 257.

██ In the case at bar there is no issue on the amount of the claim and no question of the validity of the claim, provided the order of the commissioners' court dated January 3, 1929, and quoted above, was valid, and the invalidity of the order is based on the contention that under the maximum fee bill the plaintiff's salary was limited to $2,250 per annum.

By an Act of the Legislature, approved August 23, 1876, among other fees allowed the county judge, it is provided: "For presiding

over the County Commissioners' Court, ordering elections and making returns, and transacting all other county business not otherwise provided for, such sum as shall be allowed by the County Commissioners' Court." 8 Gammel's Laws of Texas, 1122.

This, in substance, is the provision of the statute under which the county commissioners' court of Hutchinson county proceeded. Vernon's Annotated Civil Statutes, vol. 12, art. 3926, subd. 3.

In Farmer, County Treasurer, v. Shaw, 93 Tex. 438, 55 S. W. 1115, the Supreme Court of this state held that an order very similar in terms, authorizing the payment of a salary to the county judge of $125 per month, was valid.

It is not only undisputed, but conceded, that Hutchinson county, at the time of the order and at the time of this suit, had a population of less than 25,000 inhabitants according to the United States census of 1920 and therefore, as we understand the authorities, was not controlled by the maximum fee bill. We deem it unnecessary to enter into any extended discussion, as in our opinion this question is settled against the defendant in the case of Stephens County v. Hefner, 118 Tex. 397, 16 S.W.(2d) 804.

Our original opinion is withdrawn, and the judgment heretofore entered in this court is set aside; the judgment of the trial court is reversed as to both parties and reformed, directing the county auditor of Hutchinson county to approve the warrant or voucher payable to plaintiff in the sum of $250 for his salary as county judge for the month of March, 1930, and, as so reformed, the judgment is affirmed.