## MOSIER et ux. v. MEEK et ux.

No. 4718.

Court of Civil Appeals of Texas. Beaumont.

Dec. 29, 1950.

W. C. Linden, Jr., S. P. Dunn, Orange, for appellants.

Robert W. Hillin, Jasper, for appellees.

COE, Chief Justice.

This is an order of the District Court overruling what appellants denominate a bill of review in which appellants sought to have a judgment of the court set aside and a new trial granted upon the grounds which appellants assert rendered the original judgment void.

The original proceeding, in which the judgment sought to be set aside was entered, was filed on January 1, 1947, as a habeas corpus proceeding involving the custody of Bruce Allen Meek by these appellants who were the grandparents of Bruce Allen Meek. The appellees, who are the natural parents of Bruce Allen Meek, were the respondents in that proceeding, the original cause being numbered on the docket of the court as No. 9205. Soon after the filing of the original proceeding, the exact date not being shown, by amendment the appellants sought to adopt the minor, Bruce Allen Meek, on the ground that appellees had abandoned said child for more than two years. This adoption proceeding was opposed by the natural parents. On February 25, 1947, the trial court entered an order continuing the case and providing for the custody of the minor. On October 30, 1947, the adoption proceedings were heard and on November 7, 1947, the court entered its judgment denying the adoption to appellants, to which order appellants excepted and gave notice of appeal, but no appeal was ever perfected. The motion filed by appellants, which is the basis of this appeal, was filed on December 9, 1949, as a separate and independent cause from the original cause and carried the number of the docket of 9935. Shortly before filing the motion asking the trial court to set aside the former judgment and grant a new trial, appellants filed an amended petition in the original cause No. 9205 and a certified copy of the amended petition was furnished to the Executive Director of the State Department of Public Welfare at Austin.

On June 3, 1947, after the trial court in the adoption proceedings had acquired jurisdiction of all the parties and the subject matter, the legislature passed what is now Article 46a of Title 3, Vernon's Ann.Civ. St., pertaining to adoption. This act became effective on September 5, 1947. Section 1a of said Article requires the clerk of the court to mail a certified copy of the petition to the Executive Director of the State Department of Public Welfare at Austin upon the filing of such petition in the court. Upon a hearing of the motion

to set aside the judgment in question it was stipulated that this provision was not complied with. It is the contention of the appellants that since this provision of the amended statute was not complied with that the judgment entered denying the adoption of the minor by appellants was void and therefore the trial court should set the same aside without reference to any equities being shown.

It seems to be a settled rule that a trial court may set aside a void judgment when such matter is called to his attention, either on motion of one of the parties or upon the court's own motion. See: Jones et al. v. Bass, Tex.Com.App., 49 S.W.2d 723; Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89. This is especially true when the record upon which the judgment is based reflects the vice. In this case, however, it was necessary for the appellants to go outside the judgment roll and show by evidence or by a stipulation that the omission of which they complain actually occurred, since the judgment roll does not reflect that a certified copy of the petition for adoption was not mailed by the clerk of the court to the Executive Director of the State Department of Public Welfare at Austin. However, if the record showed such vice we are of the opinion it did not render the judgment in the trial court void. As above stated, the trial court's jurisdiction attached over the parties and the subject matter before the amendment of the adoption statute, which became effective September 5, 1947, and it is not believed that the additional procedural requirements provided for in such amendment had the effect nor did the legislature intend for it to have the effect of ousting the jurisdiction of a court which had already attached. It might be that these defects would render a judgment entered by the trial court voidable, but it is not believed that it would render such judgment absolutely void. Since there was no attempt on the part of appellants to allege or prove that the judgment complained of in Cause No. 9205 was obtained by fraud, accident, mistake or wrongful acts of appellees, unmixed with any fault or negligence on the part of appellants and that appellants had a merito-

rious cause of action in the first instance and was deprived of properly presenting their case by reasons thereof, the trial court was correct in entering an order overruling such motion. The other matters complained of by appellants, that is, part time custody of the minor, Bruce Allen Meek, was not before the court on the motion to set aside the judgment and therefore the court's refusal to hear evidence or consider such matter was not error.

For the foregoing reasons, the appellants' points are overruled and the judgment of the trial court is affirmed.