**NEUGENT et al. v. NEUGENT.**

No. 4974.

Court of Civil Appeals of Texas.

Beaumont.

April 15, 1954.

Rehearing Denied May 13, 1954.

David E. O'Fiel, Beaumont, for appellant.

James A. Morris, Lufkin, for appellee.

WALKER, Justice.

Appellant, William Floyd Neugent, alleging that appellee, Billie Marie Neugent, was his wife, sued appellee for divorce and for custody of their only child. The appellant's parents intervened and prayed custody of the child if the appellant and appellee were divorced. For convenience, we shall refer to appellant and appellee as husband and wife, respectively. The only pleading of the wife in the transcript is styled a plea in abatement and it purports to be in reply both to the petition and to the intervention. In this plea the wife alleged that in a prior suit by her against the husband in the District Court of Angelina County, said court had rendered judgment awarding her a divorce and the custody of the child. She alleged further that if her judgment was voidable then her suit had been filed before the husband's suit and was still pending. She prayed that the suit be abated and that she be dismissed. The trial court sustained this plea in general terms, not specifying what part of said plea was sustained, and rendered judgment dismis-

sing plaintiff's suit and also the intervention; and from this judgment the husband and his father have appealed.

The parties undertook to stipulate the facts. According to the stipulation the wife filed a suit against the husband in the District Court of Angelina County on January 19, 1953 which, we infer, was one for divorce and custody of the child. Citation to the husband issued on January 27th and was served on him the same day; and he has not filed answer, nor otherwise made an appearance in that cause. Appearance day under this citation was the first Monday after 20 days after the date of service, and the calendar shows that this date was February 23rd. However, the suit was prematurely called for trial on, and was tried on February 21, and judgment was prematurely rendered on that date in behalf of the wife against the husband, granting the wife a divorce and custody of the child.

The stipulation does not show when the husband learned of this judgment of February 21st.

On June 12th the husband filed the present suit against the wife, in the District Court of Jasper County, and the wife subsequently filed an answer.

Thereafter the wife went back into her own suit and, pursuant to a motion therefor made by her, the District Court of Angelina County undertook to vacate the judgment of February 21st. The wife's motion was filed, and the District Court of Angelina County acted on it, on September 5, 1953 and this date fell during a term of said court later than that at which the judgment of February 21st was rendered. The stipulation states that a hearing was had on this date and shows that another judgment was rendered on this date. We infer that the second judgment granted the wife the same relief which had been granted by that of February 21st; and we note that recitations in the husband's brief are to this effect.

The husband had no notice of the wife's motion of September 5 and did not learn of the judgment rendered on September 5 until October 24, 1953, which was the date of the judgment now under review.

## Opinion

(1) According to the briefs of the parties the trial court has, as against the husband, sustained a plea of res judicata by the wife, and it seems to be the husband's contention (and this is the only attack he has made on the trial court's judgment) that the wife's first judgment, dated February 21, was void because it was rendered prematurely and that the wife's second judgment, dated September 5, was not effective or binding because he had been given no notice of the wife's motion to vacate her first judgment. The effect of the husband's argument is that the wife's action is still pending and undetermined.

If it were true that the wife's action is still pending it was prior in time to that of the husband and is in another court and there are allegations in the plea in abatement which would sustain the trial court's judgment against the husband as one dismissing a junior suit in favor of a senior suit; for as we have stated the trial court's judgment purports to sustain the plea in general terms. However, we overrule the husband's argument concerning the effect of the wife's judgments.

The wife's first judgment, that of February 21st, was either erroneous or void; and it is not necessary for us to decide what sort it was. If it was merely erroneous it remains in force and supports the plea in abatement; the trial court would have had no power to vacate it at the later term on motion only. See 25 Tex.Jur. 548, Sec. 152; Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833.

On the other hand, if it was void the defect, namely, rendition before appearance day, was apparent from the "judgment roll." See Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89, at page 90; 49 C.J.S., Judgments, § 125(b) page 259. And this Court said in Mosier v.

Meek, Tex.Civ.App., 235 S.W.2d 686, at page 687: "It seems to be a settled rule that a trial court may set aside a void judgment when such matter is called to his attention, either on motion of one of the parties or upon the court's own motion." See, also, Milam County v. Robertson, 47 Tex. 222, at page 232; Barton v. Montex Corporation, Tex.Civ.App., 295 S.W. 950, at page 953. This being true, notice to the husband of the wife's motion would not have been necessary to give the District Court of Angelina County *power* to vacate the void judgment, and if the subsequent trial of the wife's petition without notice to the husband was erroneous this error did not affect said court's jurisdiction and was not a defense to the plea in abatement because raised in another suit in another court and therefore, a collateral attack on the second judgment. The citation to the husband in the wife's suit gave the District Court of Angelina County jurisdiction of the husband which existed when the wife's petition was tried the second time and when the second judgment was rendered in behalf of the wife. Thus, on the premise that the wife's first judgment was void her second judgment supports the plea in abatement.

■ (2) The intervenors were not parties to the wife's suit against the husband and it is assigned as error in behalf of intervenors that the wife's judgment, against the husband, whether the first or the second, was not res judicata of intervenors' claim to the custody of the child, if any such claim they have. This, of course, is true. See Skrobarcek v. Stephenson, Tex.Civ.App., 249 S.W.2d 83.

■ However, intervenors asserted no independent claim to the custody of the child. It is assumed in their pleading that the appellant and the appellee are married and intervenors' prayer for custody is conditioned on a divorce being granted in this action. The stipulation shows that a divorce already has been granted and that the wife has been awarded the custody of the child by the District Court of Angelina County; and intervenors claimed nothing against this right of the wife's. That is, intervenors have not claimed a right to custody against a divorced parent to whom custody had been awarded by a decree. The only claim made by intervenors is one which was involved in, not independent of, the prosecution of the present suit between husband and wife, and the wife was entitled to a judgment against intervenors as a consequence of her judgment against her husband.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

■ Ground Ten of the motion may be overruled for the reason that T.R. 84 has been amended and the requirement of pleading in due course formerly made by that Rule has been eliminated. See McDonald's "Texas Civil Practice", Sec. 7.03. However, the record of the proceedings in the trial court indicates that the plea in abatement was tried on its merits without objection by appellants and under the former practice this operated as a waiver of a departure from due order of pleading. See Capetillo v. Burress & Rogers, Tex.Civ. App., 203 S.W.2d 953. Too, on the issue of res adjudicata, the plea in abatement raised matter which operated in bar of the husband's suit.

We adhere to our construction of intervenors' pleading. Award of custody to them is conditioned on the grant of a divorce in the future, obviously in this very suit, not only according to their prayer but also according to the first paragraph of their pleading. Intervenors' pleading exhibits no intention to litigate custody with a divorced parent to whom custody had been awarded by judicial decree. Of course, under this construction any rights which intervenors might have against appellee for the custody of the child are not involved in this suit and have not been adjudicated by the judgment under review; and this is in accord with said judgment which

shows that the intervention was dismissed as a consequence of the dismissal of the husband's suit and was not adjudicated on the merits.

We 'have not undertaken to consider what rights the husband might assert in the wife's suit; such questions are not involved in this appeal. As regards appellants' argument that the first judgment in the wife's suit could only be set aside by a bill of review, it seems to us that if this argument is right the judgment could not be collaterally attacked in the present suit and would, therefore, stand as a bar of this suit until it actually had been set aside.

The motion for rehearing is overruled.