## McCORMICK v. KENNEDY.

### No. 4272.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1932.

Cunningham & Lipscomb, of Bonham, for appellant.

Hamp P. Abney, of Sherman, for appellee.

LEVY, J. (after stating the case as above).

The appellant on appeal predicates error upon the judgment, in that: (1) Under the evidence the fee-simple title to the property in the town of Leonard did not become absolute under the contract of exchange, and (2) there was never any delivery of any deed thereto by the appellant, and (3) the remedy of specific performance under the pleadings of appellee was not allowable. Although the contract of the parties contemplated that the possession of the property would temporarily change, yet the contract by its terms required exchange of abstracts of title and the showing of a fee-simple title before the trade or exchange of the properties became absolute. The agreement expressly states:

"It is understood and agreed that abstracted titles shall pass by December 5th, 1930.

"The simple facts agreed upon in this instrument is that the said J. W. McCormick will accept the title to the Whitesboro property when it is shown that he has a good and fee simple title to same, the only encumbrance being $4850.00 to be held by the Standard Savings & Loan Association, which the said McCormick agrees to assume.

"R. J. Kennedy is to accept title to the Leonard property when a good and fee simple title is passed to him with no other encumbrance than $850.00 to be held by Dr. J. J. Pendergrass, which the said R. J. Kennedy agrees to assume."

There was clearly a condition precedent to the passing of the title to the respective pieces of property. The evidence goes to conclusively show that the abstract presented by the appellee did not, in the opinion of attorneys, show a good merchantable title to his property and that on January 26, 1931, the appellant exercised his privilege of rescinding the contract. The letter written appellee by appellant on January 26, 1931, reads: "You are unable to furnish me with title or with abstract showing title and I am not in a position to wait longer. I am enclosing the $10.00 check and am sending the other one to Mrs. Chapman, and am compelled to announce that all negotiations concerning this deal are closed. No deal has been made and I am not in a position to negotiate any further. If at any time you may be able to make title, and I am still possessed of the Leonard properties you may write me, and if agreeable at any time we will enter a new negotiation, but the present deal is hereby called off and abandoned."

In the situation shown, in view of the pleadings, recovery of the land would not be allowable. The suit as brought was essentially a suit in the statutory form of trespass to try title and the petition was drawn in accordance with the provisions of the statute (Rev. St. 1925, art. 7364 et seq.) in such respect. The defendant expressly pleaded "not guilty." In such character of suit the only question is that of right of possession and title. Not showing absolute title under the contract of exchange nor under executed deed from appellant, there was not sufficiency of evidence of title in appellee to enable the court to make adjudication of the land to be in appellee in view of the pleading.

Although the facts may not show a cause of action for title to the land under the exchange agreement, and although the evidence might probably reflect an entirely different cause of action based on the contract and the letter of January 26th for specific performance, yet relief or adjudication may not be allowed, for the petition is drawn strictly in the form of an action of trespass to try title, and not framed in the alternative form averring affirmatively a cause of action for specific performance. No right in an action of trespass to try title to secure specific performance of an agreement can be had without special affirmative pleadings. Tanner v. Imle (Tex. Civ. App.) 253 S. W. 665. The plaintiff does plead facts in the second amended original petition in reference to the written contract, but clearly such allegations could only be regarded not as asking affirmative relief but as reply, in the nature of supplemental petition, to allegations contained in the defendant's answer. The basis of a plaintiff's cause of action cannot be left to be found in supplemental petition. J. I. Case Threshing Machine Co. v. First Nat. Bank (Tex. Civ. App.) 160 S. W. 662; Sanger Bros. v. Barrett (Tex. Civ. App.) 221 S. W. 1087; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 234 S. W. 587; Rules District Court, 5 and 15.

The judgment of the district court is reversed, and the cause remanded.