## WOOD et al. v. FULTON PROPERTY CO. et al.

### No. 9819.

Court of Civil Appeals of Texas. San Antonio.

March 11, 1936.

See, also, 90 S.W.(2d) 617.

J. M. Mothershcad, of Harlingen, and Polk & Thompson, of Pharr, for appellants.

A. N. Moursund and Leo Brewer, both of San Antonio, for appellees.

SMITH, Chief Justice.

B. F. Dittmar Company was a corporation engaged in the real estate mortgage business, lending money upon real estate in various counties in Texas and taking deeds of trust liens upon the properties to secure the notes evidencing the loans. The company in turn issued and sold to the public investment certificates secured by said notes and mortgage liens. These transactions were evidenced by certain trust agreements, in which the National Bank of Commerce of San Antonio was named as trustee for the benefit of the purchasers of said certificates. The notes and liens were deposited with the bank, which held them as such trustee. The purchasers (to the number of about 534) of the certificates paid Dittmar Company in cash therefor, and were secured, as stated, by said notes and liens, of which they thereby became the equitable owners.

In 1932 the certificate holders, brought together, apparently, by the insolvency or threatened insolvency, of Dittmar Company, organized Property Management Company and Fulton Property Company, and appointed a "Certificate Holders' Committee," in order to protect their holdings. The capital stock of the Property Management Company was held by the Certificate Holders' Committee, in trust for the benefit of the certificate holders, and the capital stock of the Fulton Properties Company was held by Property Management Company as part of the trust funds of certificate holders. Dittmar Company neither owned nor held any of the capital stock of either of said corporations, nor any interest in said notes and liens. Upon the organization of said corporations, Property Management Company succeeded the bank as trustee, and thereupon the bank, to whom, as trustee, said notes and liens had been assigned by Dittmar Company in 1926 and 1928, indorsed and transferred those securities to Property Management Company. The assignment of those notes and liens by Dittmar Company to the bank had not been recorded, and, "In order to show a complete chain of record title to these notes and liens in Property Management Company and for the purpose of saving the expense of recording all of the old assignments from B. F. Dittmar Company to the National Bank of Commerce, together with new assignments from the bank to Property Management Company, D. F. Dittmar Company was asked to execute and deliver, and did execute and deliver to the Property Management Company the several instruments assigning said liens to Property Management Company, said written assignments being dated July 6, 1932, July 19, 1932, and July 28, 1932." The effect of these facts is that Dittmar Company parted with all interest in the notes and mortgages in 1926 and 1928, when the certificate holders acquired all of that interest to the exclusion of that company.

In March, 1934, L. Bernice Wood and husband recovered a money judgment against Dittmar Company, in the district court of Cameron county, and abstract of that judgment was duly recorded. No appeal was taken from that judgment.

It appears that the Woods were unable to collect the judgment obtained in the original suit, and thereupon, in May, 1934, brought this action against Dittmar Company, Property Management Company, and Fulton Property Company, in which they attacked the validity of the written assignments by which Dittmar Company conveyed the notes and liens, hereinabove described, to Property Management Company, upon the ground that said assignments were made for the purpose of hindering, delaying, and defrauding the creditors of Dittmar Company. They alleged that said liens were in fact the property of Dittmar Company, or were charged with an equitable lien to secure the judgment obtained by the Woods against that company, wherefore Property Management Company and Fulton Property Company were liable for the amount of said judgment, interest, and costs. Dittmar Company did not appear to contest the suit, while the other two defendants filed pleas of privilege to be sued in Bexar county. Those pleas were heard and overruled, from which the defendants did not appeal. Later the Woods amended their petition, in which they prayed for appointment of a receiver for the assets of the Property Management and Fulton Property Companies. The latter companies pleaded their privilege as to the suit for receivership. Those pleas were sustained, and the Woods appealed to this court, but the appeal was transferred to the Eastland Court of Civil Appeals, where the judgment sustaining the pleas was affirmed on January 10, 1936, and motion for rehearing therein denied on February 14, 1936.

In the meantime the cause was tried on its merits in the court below, and resulted in a verdict in favor of the Woods against Dittmar Company, from which it has not appealed, and a directed verdict in favor of the Property Management and Fulton Property Companies, at the conclusion of the evidence offered by the Woods. From the resulting adverse judgment the Woods have appealed. The parties will be herein referred to as plaintiffs and defendants, respectively, as in the court below.

In their first and second propositions plaintiffs complain of the ruling of the court sustaining defendants' pleas of privilege and for change of venue as to that part of plaintiffs' suit praying for receivership. As the appeal from that ruling has been affirmed by the Eastland Court of Civil Appeals, the question here raised has become moot, and plaintiffs' propositions will be overruled.

In their third and fourth assignments of error plaintiffs complain that the trial court erred in overruling plaintiffs' application for continuance, filed on February 23, 1935. The record does not show, by formal order or bill of exceptions, that this application was presented to the court for a ruling thereon, or that the court acted thereon, or that plaintiffs preserved any exceptions in the matter. For those reasons, if for no other, plaintiffs' assignments of error must be overruled. Moreover, the record shows that, when the case was called for trial upon the day for which it had been specially set, plaintiffs announced ready for trial, without reservations, and by that action waived any right they may have had to a continuance.

On the day (Sunday excepted) before the day upon which the case had been specially set, and on which it was tried, plaintiffs filed a supplemental petition in which they attempted to set up a new and additional cause of action, and sought to implead, as new parties defendant, various persons and corporations domiciled in other counties. Defendants specially excepted to this pleading upon the ground, among others, that new causes of action could not be asserted and new parties could not be impleaded by supplemental petition. The court sustained the exceptions, and plaintiffs complain thereat in their fifth assignment of error. We overrule that assignment. It is well settled, in this state, that new causes of action may not be asserted or new parties impleaded through the office of supplemental pleadings; that this may be done only through amendment of original pleadings. District Court Rule 15; 32 Tex.Jur. p. 103; Parkinson v. Sears (Tex.Civ.App.) 290 S.W. 556; Oak Cliff Ice Delivery Co. v. Peterson (Tex.Civ.App.) 300 S.W. 107; McCormick v. Kennedy (Tex.Civ.App.) 56 S.W.(2d) 213; South Plains Coaches v. Behringer (Tex.Civ.App.) 4 S.W.(2d) 1003; Behringer v. South Plains Coaches (Tex.Com.App.) 13 S.W.(2d) 334; First State Bank v. Rice (Tex.Civ.App.) 251 S.W. 284. We conclude, further, that the trial judge was warranted in striking the pleading upon his own motion, because of the obvious delay involved in bringing in the new parties and setting up the new causes of action. The pleading was subject to the further exception made by defendants, that

552

it did not efficiently allege a cause of action against the proposed new parties.

Plaintiffs contend, in their sixth and seventh assignments of error, that the trial court should have directed a verdict in their favor. We are of the opinion that in no possible view of the case could the court have properly directed a verdict for plaintiffs, and therefore overrule those assignments. Moreover, plaintiffs do not appear to have moved for such instruction and certainly cannot, on appeal, complain of the trial judge's failure to give it upon his own motion.

In their eighth and last assignment of error, plaintiffs complain of the directed verdict against them. We have carefully considered the record, and reached the firm conclusion that the court could have taken no other action in the case than directing the verdict complained of. Plaintiffs' contention rests upon their claim that the conveyance of the notes and liens by Dittmar Company to Fulton Property Company, in 1932, was fraudulent and designed to hinder, delay, and defraud the creditors of the Dittmar Company. The evidence conclusively shows, as a matter of law, that the Dittmar Company in 1926 and 1928 sold its real estate mortgage certificates to 534 purchsaers, who paid the company face value thereof in cash, under trust agreements by which the purchasers were secured by real estate notes and mortgages owned by Dittmar Company, that by those trust agreements the notes and mortgage liens were transferred by the Dittmar Company to the bank, as trustee for the certificate holders, and that the Dittmar Company thereby parted absolutely with its title to those securities, and never thereafter reacquired that title, which remains in the certificate holders, through the Management and Property Companies, organized and operated by them for their joint convenience and protection, free of every vestige of ownership or control by the Dittmar Company.

Those certificate holders, having in good faith paid full cash value for the certificates of indebtedness, together with the notes and liens to secure same, long prior to plaintiffs' claimed judgment lien, cannot be deprived of their security because the Dittmar Company, long afterwards, became insolvent and unable to pay the judgment obtained against it by plaintiffs. The trial judge so held, and the judgment must be affirmed.