**WEGENER v. ERDMAN et al.**

No. 14275.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 3, 1941.

Rehearing Denied Oct. 31, 1941.

Claude Spratling, of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellees.

McDONALD, Chief Justice.

This suit was brought in the justice court to recover $68 as a penalty for the exaction of usurious interest. The case was appealed to the county court at law No. 1, Tarrant County. Plaintiff went to trial in the county court upon written pleadings. In his second amended original petition he sought to recover on account of the payment by him to defendant of a total sum of $56.85 usurious interest on three loans. Plaintiff had also made a fourth loan from defendant, upon which he admitted owing a balance of $25.20. He sued for $113.70, double the amount of interest which he had paid, voluntarily allowing an off-set of the $25.20, leaving a net balance of $88.50 which he sought to recover.

Defendant answered in the county court by oral pleadings, alleging that when the fourth loan was made to plaintiff, he executed a written release of any claims which he might have for the usury in the first three loans.

Plaintiff filed a written pleading in reply, designated as his first amended first supplemental petition, in which he alleged that the release was obtained by fraud. In this supplemental petition he also undertook to allege an alternative ground of recovery, predicated upon the idea that, if the release he executed should be held to be valid, then the value of the usury claim which he released was $113.70, that it was surrendered or transferred to defendant as a part of the consideration for the fourth loan, and should be treated as being in the nature of a payment in advance of interest on this fourth loan. In other words, the theory presented in this alternative plea is that plaintiff paid to defendant, by way of surrender of his usury claim, the value of the claim, to-wit, $113.70, as a part of the consideration for the use of the money loaned to him in this last loan transaction, and that such could properly serve as the basis of a recovery of a penalty for the exaction of usurious interest.

Upon exception taken by defendant to this alternative plea, it was stricken from the supplemental petition by the trial court.

After hearing the evidence, the court instructed the jury to return a verdict in favor of defendant, and rendered judgment for defendant on his cross-action against plaintiff for the balance of $25.20 admitted to be owing on the last loan, plus the sum of $13.75 as an attorney fee.

The plaintiff has appealed, presenting his contentions in thirteen assignments of error and twenty-eight propositions.

■ Propositions 1 to 17, and 26 to 28, relate to the alternative ground of recovery set up in the supplemental petition. These propositions must be overruled for the reason that it is the settled rule of practice in this State that a new cause of action cannot be set up in a supplemental petition. A new cause of action must be set up in an amended petition, as distinguished from a supplemental petition. Foster v. National Bondholders' Corp., Tex.Civ.App., 123 S.W.2d 506; Wood v. Fulton Property Co., Tex.Civ.App., 92 S.W.2d 549; Service Parts Co. v. Bizzell, Tex.Civ.App., 120 S. W.2d 919; First State Bank of Terrell v. Rice, Tex.Civ.App., 251 S.W. 284; McCormick v. Kennedy, Tex.Civ.App., 56 S. W.2d 213; Oak Cliff Ice Delivery Co. v. Peterson, Tex.Civ.App., 300 S.W. 107; Parkinson v. Sears, Tex.Civ.App., 290 S. W. 556; South Plains Coaches v. Behringer, Tex.Civ.App., 4 S.W.2d 1003; Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S.W. 452.

■ The alternative cause of action alleged in the supplemental petition was based upon the usury alleged to have been paid on the fourth note, while the cause of action set up in the second amended original petition was based upon the usury alleged to have been paid in the first three notes. Clearly the supplemental petition set up a new and different cause of action from that which had theretofore been alleged.

■ We are not able to determine from the transcript before us what cause of action was asserted in the justice court; that is, whether upon the usury paid on the first three loans or the usury alleged to have been paid by the surrender of the release on the fourth loan. But on account of the likelihood of another trial, we call attention to the rule that the plaintiff cannot set up in the county court a different cause of action from that sued upon in the justice court. 26 Tex.Jur., p. 961.

■ While the pleadings may not be the same upon another trial, we also call attention to the question of jurisdiction of the county court. Although the supplemental petition setting up the alternative ground of recovery prays for judgment for only $177, the cause of action seems to be predicated upon the theory that plaintiff, by the release of his usury claim, is in the position of having paid defendant the sum of $113.70 as interest on the fourth loan. Double this amount would be $227.40. The limit of jurisdiction of the county court, on appeals from the justice court, is $200, with certain exceptions noted in the text cited. 26 Tex.Jur., p. 956. The voluntary allowance by plaintiff of an off-set will not necessarily bring the cause of action within the jurisdiction of the county court. It would appear that although plaintiff seeks only a money judgment of less than $200 in the alternative plea, yet he is actually seeking a money judgment plus the cancellation of an indebtedness, the total of which items will necessarily be $227.40, under the theories presented in the alternative plea. Attention is called to the rules stated in 11 Tex.Jur., p. 56, and the authorities there cited.

■■ Appellant's theories regarding his alternative ground of recovery appear from his brief to be predicated upon his

construction of the opinion of the El Paso Court of Civil Appeals in the case of Smith v. Brewer, Tex.Civ.App., 149 S.W.2d 262. In that case it was held that the release contract was illegal, because it was in effect a part of the consideration paid for the use of the money, and therefore properly treated as a contract for the payment of usurious interest. That precise question is not before us because the plaintiff in the present case has not pleaded illegality of the release. The only defense pleaded to the release is that it was obtained by fraud. The question presented by appellant's alternative plea was not before the El Paso Court, and its opinion cannot be authority upon a question which was not before it. The authorities are all in accord on the proposition that a recovery of the statutory penalty allowed by Article 5073 can be based only upon interest which has actually been paid. While it might be conceded that the interest could be paid in something other than money, yet it seems to us that the value of a release of a claim for usury theretofore paid on other loans would be too speculative to serve as the basis for the calculation of the statutory penalty. Even though it might later appear that the plaintiff could have recovered the full amount of his claim for usury paid on the prior loans, had he not released it, such fact would not necessarily establish the value of the claim at the time it was released. The record before us does not show what factors the parties had in mind in making and accepting the release. It is a matter of common knowledge that claims are sometimes settled for more, sometimes for less, than it may later develop they are actually worth.

Plaintiff alleged, and testified, that when the fourth loan transaction was had, plaintiff and defendant's agent agreed upon the making of the loan, and the amount of interest to be charged; that defendant's agent prepared the loan papers and handed them to plaintiff for his signature; that plaintiff asked defendant's agent what they were and was. told in reply that the papers were a note and an assignment of wages; that plaintiff believed the statements of the agent and signed the papers without reading them; that he had no reason to suspect that defendant's agent would deceive him; and that he would not have signed the release except for the representations of the agent. He also pleaded and testified that there had been no discussion between them regarding a release and no discussion regarding any claim for usury at any time prior to the time the papers were signed.

The trial court instructed a verdict for defendant, evidently considering that the evidence failed to raise the issue of fraud. Without stating the testimony in greater detail, it is our opinion that the evidence does raise the issue of fraud, and that the trial court committed error in failing to submit the issues of fraud to the jury.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.