## FIRST STATE BANK OF TERRELL v. RICE. (No. 2717.)

(Court of Civil Appeals of Texas. Texarkana. April 20, 1923. Rehearing Denied May 3, 1923.)

1. **Landlord and tenant ⬤═262(2)—One converting tenant's property may be joined in landlord's suit to foreclose lien thereon.**

One converting property, on which the owner's landlord has a lien for rents and advances, may, under certain circumstances, be joined in a suit against the tenant to foreclose the lien.

2. **Parties ⬤═54—Plaintiff can bring in new parties only by filing amended petition.**

Under district court rules 4, 5, 13, 15 (142 S. W. xvii, xviii), plaintiff can bring in new parties defendant, after filing his original petition, only by filing an amended original petition.

3. **Parties ⬤═54—Bank improperly joined as defendant in suit by landlord to foreclose his lien on property converted by bank.**

A bank charged with converting cotton, on which the owner's landlord sought to foreclose a lien in a suit instituted in another county than that of the bank's domicile, *held* improperly joined as party defendant by a supplemental petition not joining or seeking relief against the original defendant nor replying to any pleading of his.

Appeal from Van Zandt County Court; Chas. L. Hubbard, Judge.

Suit by C. H. Rice against L. Perkins, in which the First State Bank of Terrell was made a party defendant by supplemental petition. From a judgment overruling defendant bank's plea of privilege, it appeals. Reversed and remanded.

Bumpass & Wade, of Terrell, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

HODGES, J. This appeal is from a judgment overruling the plea of privilege filed by the appellant. The suit was instituted by the appellee, Rice, against his tenant, L. Perkins, in the county court of Van Zandt county, for the purpose of recovering a debt for rents and advances amounting to $456.50, and to foreclose a landlord's lien on some live stock and several bales of cotton raised on the rented premises. In that suit the tenant, Perkins, alone was named as defendant. Among other things it was alleged that the cotton had been removed from the rented premises without the consent of the plaintiff, and a portion of it carried into Kaufman county. Thereafter, on December 4, the appellee filed what he calls a "supplemental petition," in which he alleged that since filing his original petition the First State Bank

of Terrell, the appellant, with its place of business at Terrell, Tex., "has possession of three bales of cotton grown on the rented premises" by the defendant, and refuses to give possession; that the cotton was of the aggregate value of $300; and that the bank had converted the cotton to its own use. He prayed that the bank be made a party defendant, and that upon hearing he have judgment against the bank "for the value of the cotton, $300, or the possession thereof."

The appellant answered with a plea of privilege, claiming the right to be sued in Kaufman county, the county of its residence. In contesting this plea the appellee merely alleged that suit was against the tenant for rents and for supplies made by the plaintiff to enable him to make a crop on the rented premises; that Perkins, the original defendant, was a tenant, and without the consent of the plaintiff had carried the cotton to Kaufman county and had sold it to the appellant.

After hearing testimony in support of those facts the court rendered a judgment overruling the plea of privilege. The appellant attacks the judgment upon the ground that it could not legally be joined in that suit with the tenant, and because of the irregularity in the method by which the joinder was attempted.

[1, 2] One who converts property upon which the landlord has a lien for rents and advances may, under certain circumstances, be joined in a suit against the tenant to foreclose that lien. Cobb v. Barbor, 92 Tex. 309, 47 S. W. 963. In determining who are properly joined in a suit, or whether there is any regular joinder, we must look to the original pleadings. Under the rules prescribed by the Supreme Court a plaintiff must, in his original or in his amended original petition, state all the facts upon which his cause of action is founded, and name as parties defendant all those against whom relief is sought. If after the filing of his original petition he wishes to bring in new parties defendant against whom he seeks relief, he must do so by filing an amended original petition. District court rules 4, 5, 13, and 15, (142 S. W. xvii, xviii); Ins. Co. v. Camp, 64 Tex. 521; Burks v. Burks (Tex. Civ. App.) 141 S. W. 337; Town's Texas Pleading, 292.

[3] In passing upon the right of the appellant to be sued for damages in the county of its residence we must look alone to the supplemental petition. While it is called a supplemental petition, it has all the elements of an original pleading, and none of a supplemental pleading. It is not in reply to any pleading of the defendant, but is made the basis of affirmative relief against a new defendant. In that petition the other defendant is not joined, nor does the plaintiff there seek relief against that defendant. It may be that under proper pleading the appellant

might have been joined in the original suit in Van Zandt county, but no such suit is disclosed in this record. To hold otherwise we should have to treat the plaintiff as presenting his case in two distinct original petitions filed at different times. If that practice be permitted, we might have as many original petitions as there are parties defendant in a suit.

The judgment will be reversed, and the cause remanded, that the proper orders may be made.