## C. E. RIDLEY V. CLAUDE M. McCALLUM, DISTRICT JUDGE, ET AL.

No. 7892. Decided July 22, 1942.
(163 S. W., 2d Series, 833.)

*White & Yarborough,* of Dallas, for relator.

Judge McCallum was without jurisdiction to entertain the motion filed by respondent, for the reason that the allegation was wholly insufficient and the trial court was without authority to entertain a motion after the expiration of 30 days after the entry of said judgment and Judge McCallum lost jurisdiction after the expiration of the 30 day period. Pierce Co. v. Watkins, 114 Texas 153, 263 S. W. 905; Lynn v. Hanna, 116 Texas 652, 296 S. W. 280; Milford v. Culpepper, 40 S. W. (2d) 163.

*Touchstone, Wight, Gormley & Touchstone,* all of Dallas, for respondents.

The relator having sued the Dallas Cartage Company and the City Transit Company, jointly and severally, and having obtained service against both, could not discontinue as to the City Transit Company without permission of the court to do so, and a purported judgment against the Dallas Cartage Company, when no dispostion had been made against the City Transit Company, is purely an interlocutory order and not final, therefore the district court had jurisdiction to set the same aside upon motion of the codefendant, or upon his own motion. Quinn v. Dickinson, 146 S. W. 993; Boles v. Linthicum, 48 Texas 220; Kilgore Natl. Bank v. Moore Bros. Lbr. Co., 74 S. W. (2d) 141.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

By this original proceeding the relator, C. E. Ridley, seeks by mandamus to require Honorable Claude M. McCallum, District Judge, one of the respondents, to set aside an order entered by him on July 26, 1941, which order undertook to set aside a judgment theretofore entered by him in his court at a prior term thereof on November 6, 1940. It is made to appear that on April 23, 1940, relator instituted suit in a district court of Dallas County against respondent Dallas Cartage Company and City Transit Company, alleging each to be a corporation. The suit was for damages for personal injuries sustained by relator's wife and also for medical bills and for damages to relator's automobile. Two citations were issued and each of the named defendants was cited by serving Walter B. Williams, the alleged president of each. The citations commanded the defendants to answer on May 20, 1940. No answer was filed by either of the defendants, but each wholly made default. The relator was informed by the Secretary of State after he filed his orginal petition that City Transit Company was not incorporated. Thereafter, on July 22, 1940, relator was granted leave to amend and on that date filed his First Amended Original Petition in which the name of City Transit Company was omitted and only Dallas Cartage Company was retained as a party defendant.

In view of the fact that the respondents in their answer alleged that the City Transit Company was "a party in existence," we shall dispose of the case on the assumption that it

was a real party to the suit and was properly served with citation, and thus remove any question as to there being a fact issue involved.

No answer having been filed by Dallas Cartage Company and no appearance having been otherwise made in the case, the Court on October 30, 1940, awarded relator a judgment by default with writ of inquiry. On the 6th day of November thereafter the cause was transferred from the district court in which same was pending, to the 101st Judicial District Court and was tried before respondent, Honorable Claude M. McCallum, district judge, and a jury. Although the defendant had wholly made default and was not represented at the trial issues were submitted to the jury and judgment was rendered thereon in favor of the relatory against Dallas Cartage Company for approximately $2,400.00. On July 14, 1941, during a subsequent term of the court, respondent Dallas Cartage Company filed a motion to recall an execution which had theretofore been issued in the case and to vacate the judgment of November 6, 1940. Thereafter, on July 26, 1941, the court, over the timely plea to its jurisdiction interposed by relator, granted the motion and set aside its former judgment. This latter order is the one under attack in this proceeding.

■ Before considering the case on its merits we take notice of a motion filed by the respondents to dismiss this proceeding. The ground of the motion is that there is no showing made here that relief was sought from the Court of Civil Appeals prior to the filing of this proceeding in this court. Relators invoked the rule declared in such cases as Dallas Railway & Terminal Co. v. Watkins, 126 Texas 116, 86 S. W. (2d) 1081, and Miller v. Stine, 127 Texas 22, 91 S. W. (2d) 315, to the effect that, in a case in which the Court of Civil Appeals has jurisdiction to issue the writ of mandamus applied for in this court, the relator should first seek relief in that court. Passing over the question of whether the rule there announced would be applied in a case like this, in which the motion for leave to file the petition for mandamus has already been granted and the case is up for consideration on its merits, we overrule the motion on the ground that the Court of Civil Appeals is not clothed with jurisdiction to grant the relief sought. Such courts have jurisdiction to issue writs of mandamus to enforce their jurisdiction, R. S. 1925, Art. 1823, and to compel the judge of the district court or county court to proceed to trial

and judgment in a cause. R. S. 1925, Art. 1824 as amended by Acts of 1929, Ch. 33, Sec. 1. They also have jurisdiction to issue such writs against "Any chairman or member of any Executive Committee, or primary committee, or primary election officer of any political party," for certain purposes. Vernon's Civil Statutes, Art. 1735a. But the language of none of the statutes referred to is sufficiently broad to authorize such courts to issue a writ of the nature of that sought in this proceeding. In the absence of a statutory grant of that authority, it does not exist. The motion to dismiss the petition is overruled.

■ The motion filed by respondent Dallas Cartage Company upon which the order under attack was rendered reads as follows:

"Comes now Dallas Cartage Company, one of the defendants in the above-styled and numbered cause, and would show the Court that execution has issued and levy is threatened against this defendant by George Payne, Constable of Dallas County, Texas, such execution having been issued upon an interlocutory order which is not final and which interlocutory order is void, in that (a) there was no sufficient service had, and (b), same was entered prior to the regular setting had at the plaintiff's request and relied on by the defendant.

"Wherefore, premises considered, Dallas Cartage Company prays for a recall of the execution and a vacating of the order and a stay of the execution until hearing on this motion."

That motion was wholly insufficient to invoke the court's jurisdiction to grant any relief. The case was tried, as noted, in one of the district courts of Dallas County, which courts are governed by the special practice act set out in Article 2092, Vernon's Civil Statutes. By the terms of that act the judgment of November 6, 1940, became final and the term of the court ended as to this case at the expiration of thirty days from the date of such judgment, no motion for a new trial having been filed. Pierce Co. v. Watkins, 114 Texas 153, 263 S. W. 905; Wear v. McCallum, 119 Texas 473, 33 S. W. (2d) 723; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031.

The power of the court over its judgment having ceased with the end of the term, the proceeding below on the motion must

stand on the same footing as a collateral attack upon a judgment. If the judgment of November 6, 1940, is void, the mandamus prayed for should not issue, for a void judgment will not support an execution. On the other hand, if it is not void, then the court was wanting in power to set it aside on the motion of respondents and the mandamus should issue.

Respondents do not claim that the motion was sufficient to serve the purpose of a petition in a suit in equity in the nature of a bill of review. Manifestly it could not serve that purpose. Neither do they contend that it was filed in time to be considered as a motion for new trial. Admittedly it could not be so considered. Their position, as we understand their reply, is that, the relator having sued Dallas Cartage Company and City Transit Company seeking judgment against them jointly and severally and having obtained service upon both of them, could not discontinue his suit as to City Transit Company without obtaining leave from the court to do so, and a default judgment against Dallas Cartage Company alone, which made no disposition of City Transit Company, was purely an interlocutory order and not a final judgment. They further take the position that the jurisdiction of the trial court to set aside an interlocutory order is not limited to the term of court at which such order was entered, but may be exercised at a subsequent term upon motion of one of the parties or upon the court's own motion.

Respondents rely upon Article 2090, R. S. 1925, which provides in part as follows:

"When it would not operate to the prejudice of the other defendants the Court may permit the plaintiff to discontinue his suit as to one or more of several defendants who were served with process, or who have answered, * * *."

■ Assuming for the purpose of this opinion that a plaintiff may not discontinue his suit as to a defendant who has been served without permission of the trial court, it does not follow that the City Transit Company was not properly dismissed from the suit in the instant case. It is not required that the permission of the court for a plaintiff to discontinue as to one or more defendants must be evidenced by an order entered upon the minutes of the court. It is made to appear here that the first Amended Original Petition of the relator, in which the name of City Transit Company was dropped, was filed by leave

of the court. Default judgment was rendered by the court upon that amended petition with writ of inquiry awarded. Thereafter, a trial was had for the purpose of assessing the damages and judgment rendered upon the verdict of the jury returned in such trial. Such proceedings evidence very clearly that the relator was permitted by the court to discontinue as to City Transit Company, and the effect of filing the amended petition was to work a discontinuance as to it. The judgment of November 6, 1940, was rendered against the only party named in the active pleadings, the Dallas Cartage Company. It disposed of every party before the court and was in all respects a final judgment on its face. We quote here the language of Justice Williams disposing of a similar question in San Antonio and A. P. Ry. Co. v. Mohl, 37 S. W. 22 (writ ref.) :

"The first point to be considered is that made by appellant that the judgment is not final, because it does not dispose of the receivers. If this is true, it must result in a dismissal of the appeal. But we think the amended pleading amounted to a discontinuance of the suit as to the receivers, and the court below evidently so treated it. Upon the facts alleged no judgment could have been rendered against them." See also Brenan v. Greene, 154 S. W. (2d) 523.

Our conclusion is that the default judgment of November 6, 1940, against Dallas Cartage Company is a final judgment, valid on its face and on the face of the record. From this it follows that the trial court was wanting in power to set it aside at a subsequent term of the court, either upon the motion of respondents, above copied, or upon its own motion. Its validity may be challenged in no other way than by a suit in equity in the nature of a bill of review. The writ of mandamus prayed for will therefore be issued in accordance with the prayer of the petition.

Opinion adopted by the Supreme Court July 22, 1942.