The STATE of Texas, Appellant,

v.

Ava Louise ROBERSON et al., Appellees.

No. 233.

Court of Civil Appeals of Texas.

Tyler.

Dec. 8, 1966.

Waggoner Carr, Atty. Gen., of Texas, George C. Black, Jr., Asst. Atty. Gen., Austin, for appellant.

Enoch Fletcher, Grand Saline, for appellees, Ina Bell Thompson, and others, Trustees.

Thomas W. Hathaway, Johnson, Hathaway & Jackson, Tyler, for appellees James Robert White and Mrs. Thomas Hathaway, Gdn.

MOORE, Justice.

This is an appeal from an order of dismissal pursuant to plaintiffs' motion for non-suit.

Plaintiffs, Ava Louise Roberson and the other trustees of Select Minority Trusts, brought this suit for declaratory judgment seeking to construe the terms of the trust indenture creating the trust. They named as defendants James Robert White and the other heirs of I. W. Thompson, the trustor. The State of Texas was also made a party defendant by naming the Attorney Gen-

eral, pursuant to the provisions of Article 4412a, Vernon's Ann.Tex.Civ.St.

A chronological statement showing the various pleadings filed by the parties, together with the dates thereof, will be helpful in understanding the problem.

On July 24, 1965, the State of Texas answered plaintiffs' petition with a general denial.

On September 10, 1965, the plaintiffs filed their first amended original petition in which they named only the State as a party defendant. All other party defendants theretofore named in the original petition were omitted.

On September 20, 1965, Charlotte Ruth Thompson and Mrs. Charlie Thompson filed a petition in intervention claiming affirmative relief.

Despite the fact that White had been omitted as a party in the amended pleading, he nevertheless filed an answer on September 22, 1965, and in addition thereto filed a cross action seeking cancellation of the trust instrument on the ground of insanity of the trustor.

On October 4, 1965, plaintiffs filed their second amended petition, again naming only the State of Texas as a party defendant.

Subsequently, on October 20, 1965, plaintiffs filed a motion stating that they did not desire to further prosecute their suit and requesting that their cause be dismissed without prejudice. The motion was presented to the trial court on that date, but no formal order of dismissal was entered at that time.

Six days later, on October 26, 1965, the State filed a cross action against the plaintiffs in which the State also sought construction of the trust instrument and sought the application of the doctrine of cy pres to the charitable bequest.

On October 28, 1965, defendant White filed a pleading stating that he had no opposition to plaintiffs' motion and that he would likewise file a motion to dismiss his cause of action on the same date. He did not, however, file his motion or bring it to the attention of the court until November 9, 1965.

A hearing was held to determine whether the motions would be granted. On February 3, 1966, the trial court entered an order dismissing the suit in its entirety as of October 20, 1965, the date of plaintiffs' motion for non-suit. The State excepted to the ruling of the court and perfected this appeal.

The State admits that the trial court properly dismissed the plaintiffs' cause of action, but contends that the court had no authority to dismiss the entire cause of action, including the State's cross action. They take the position that since White's petition for affirmative relief naming plaintiffs and the State as parties was pending on October 20th, the trial court was not authorized to dismiss White's cross action as of that date because of the provisions of Rule 164, Texas Rules of Civil Procedure. Thus, they contend that because White's cross action was pending and the court had jurisdiction over all parties until it was voluntarily dismissed by White on November 9th, the cross action filed by the State on October 26th was timely filed and the State therefore had a right to be heard on its cross action. Hence, they assert that the court erred in dismissing their cross action thus depriving them of a hearing on their claim for affirmative relief.

The rule governing dismissals or non-suits is Rule 164, supra, which reads as follows:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

The privilege of taking a non-suit is expressly authorized by the above rule. The right accorded by the rule is "absolute." Renfroe v. Johnson, 142 Tex. 251, 177 S.W. 2d 600; Morris v. University of Texas (Tex.Civ.App.), 348 S.W.2d 644.

Without doubt, a plaintiff has an absolute right to dismiss his cause of action at any time. However, once a claim for affirmative relief has been filed, plaintiff's right to move for a dismissal or non-suit is limited to his cause of action only. Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427. In other words, when his adversary has previously filed a proper plea for affirmative relief against him, that plea is unaffected by the voluntary taking of a non-suit by the plaintiff. Under such circumstances, the court will proceed to trial on the affirmative pleading unaffected by the dismissal. 20 Tex.Jur.2d, Sec. 41, page 226.

This brings us to the question of whether any affirmative relief was requested by any of plaintiffs' adversaries prior to the time plaintiffs sought a dismissal on October 20th.

It is without dispute that the State had not requested affirmative relief at that time.

We turn now to the question of whether White had a claim for affirmative relief on October 20th when plaintiffs sought to dismiss.

In this connection the record shows that on September 10th, plaintiffs filed their first amended petition. In that pleading, plaintiffs omitted all party defendants except the State. As a result defendant White was dismissed as a party just as effectively as if an order had been entered to that effect. Brennan v. Greene (Tex.Civ.App.), 154 S.W.2d 523, writ ref.; Ridley v. McCallum, 139 Tex. 540, 163 S.W. 2d 833; Dingman v. Spengler (Tex.Civ. App.), 371 S.W.2d 416.

Thereupon, White became a stranger to the litigation. But this did not prevent him from later intervening in the suit, which he did. On September 22nd, approximately thirty days before plaintiffs moved to dismiss, he filed a pleading in the case seeking affirmative relief against both the plaintiff and the State. Although his pleading was styled as a cross action, we think it amounted to a plea of intervention since he was not a party to the original suit at that time. Rule 60, T.R.C.P. Nonetheless, his pleading stated a claim for affirmative relief. It was on file and undisposed of on October 20th when the court dismissed the case. The record shows that it remained on file until November 9th when it was dismissed on White's own motion. Therefore, since White had a claim pending for affirmative relief against both plaintiffs and the State, on October 20th, we do not believe the court was authorized to dismiss and discontinue the litigation in its entirety on that date. Rule 164, supra. Without doubt, the court had a right to dismiss plaintiffs' suit on that date, but as we see it, the court had no authority to dismiss the entire matter, including White's claim for affirmative relief. It continued upon the docket and by reason thereof, the court continued to retain jurisdiction over both the plaintiffs and the State until November 9, 1965. In the meantime, the State filed its cross action against the plaintiffs. Thus, the posture of the case as it existed on October 20th, the date of the order of dismissal, was this: White was before the court with a plea of intervention seeking affirmative relief against plaintiffs and the State. His petition shows that all parties were notified of the filing of his plea. Charlotte Ruth Thompson and Mrs. Charlie Thompson were before the court with a plea of intervention claiming affirmative relief. The State was before the court with a general denial and a motion to strike White's plea of intervention.

Consequently, even though plaintiffs had a right to have their cause of action dismissed on October 20th, such would not affect the claim for affirmative relief of White and Thompson. Their claim

would remain on the docket and continue to be subject to the jurisdiction of the court. It was while these claims were thus still pending before the court that the State filed its cross action against the plaintiffs for affirmative relief. Therefore, since the State's cross action was filed at a time when the court had jurisdiction over the pleas of intervention, as well as all of the parties, it appears to us that the State would be entitled to assert a claim for affirmative relief. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677.

One of the purposes of Rule 164, supra, was to allow the court to retain jurisdiction over claims for affirmative relief, so as to avoid a multiplicity of suits.

The above and foregoing opinion is hereby substituted for the opinion heretofore delivered by the court reaching the same conclusion.

For the reasons stated, the cause must be reversed and remanded to the trial court for further proceedings on the State's claim for affirmative relief.

Reversed and remanded.