**David A. KAINE, Appellant,**

v.

**Leigh COONEY et al., Appellees.**

**No. 14810.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 19, 1969.

Rehearing Denied Dec. 17, 1969.

**224**

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellant.

E. G. Bradley, J. Mack Ausburn, San Antonia, for appellees.

KLINGEMAN, Justice.

Appellant, David A. Kaine, appeals from an order sustaining appellees Robert T. Gourley and wife, Ruth Gourley, Richard H. Solis and wife, Consuelo P. Solis, and San Antonio Savings Association's plea to the jurisdiction, and denying and overruling appellant's motion for separate trial.

On December 21, 1965, appellant filed suit in Cause No. F-176,450 in the District Court of Bexar County, Texas, against Leigh Cooney, seeking recovery of the sum of $7,347.99 for labor performed and material furnished in the construction of improvements on Lots Nos. 12 and 13, Block 2, N.C.B. 13228, and Lots Nos. 20 and 21, Block 6, N.C.B. 13232. Thereafter, on April 8, 1966, appellant filed his first amended original petition in this cause, in which amended pleading Leigh Cooney, San Antonio Savings Association, Robert T. Gourley and wife, Ruth Gourley, and Richard H. Solis and wife, Consuelo P. Solis, are named defendants, and in which amended petition recovery is sought in the amount of $4,562.01 for labor performed and material furnished in the construction of residences on Lots Nos. 15 and 16, Block 6, N.C.B. 13232, and to establish appellant's liens as superior to any right, title and claim of any of the defendants. The property covered in appellant's original petition is entirely different than the property covered in his amended petition. All parties answered in this cause.

Prior to the filing of appellant's first amended petition in Cause No. F-176,450, San Antonio Savings Association filed its original petition and application for appointment of receiver in Cause No. F-179,199 on April 6, 1966, in which suit San Antonio Savings Association seeks recovery on four construction loans made to Leigh Cooney on the same properties covered in appellant's original petition in Cause No. F-176,450, asks that its deed of trust liens on such property be foreclosed, asserting that it has first and superior liens on such properties, and asks for appointment of a receiver. Appellant was not made a party to this suit. A receiver was appointed in this cause; the four properties involved were sold by the receiver and the net proceeds deposited in the registry of the court pending a trial on the merits.

On September 25, 1967, an order was entered in Cause No. F-176,450, consolidating such cause with Cause No. F-179,199, which order recites that the two suits involve common parties and common questions of law and facts, and it orders "that the parties to this suit shall replead, and that the consolidated suit shall proceed under style of San Antonio Savings Association v. Leigh Cooney et al., in the 37th Judicial District Court of Bexar County, Texas, cause number F-179,199." This order of consolidation has never been set aside, nor has there been any order of severance in this case.

On September 26, 1967, appellant filed an original answer to plaintiff's petition in Cause No. F-179,199, and a cross-action and cross-claim to establish the priority of his lien on the four properties described in San Antonio Savings Association's original petition. This pleading by appellant specifically recites that it is filed in compliance

with the order consolidating Cause No. F-176,450 and Cause No. F-179,199 directing the parties to replead.[1] In this pleading, Robert T. Gourley and wife, Ruth Gourley, and Richard H. Solis and wife, Consuelo P. Solis, are dropped as parties and no mention whatsoever is made of them, nor is any relief sought as to the properties covered in appellant's amended original petition in Cause No. F-176,450. On December 13, 1967, a judgment was entered in said Cause No. F-179,199, entitled "FINAL JUDGMENT," and it recites that all parties to said suit announced ready, and that they had agreed upon a full and complete settlement of all the matters and controversies involved in this suit, and that the suit should be settled and disposed of by the judgment therein entered. In such judgment the funds on deposit in the registry of the court are distributed among parties to the suit, including appellant; and appellant and other parties are awarded judgment against Leigh Cooney. This judgment specifically recites that all prayers for relief by any party to this suit not therein granted are denied. Such judgment is approved and agreed to by the attorneys for appellant and the attorneys for the other parties to said suit. No appeal was perfected from that judgment.

On April 2, 1969, approximately fifteen months after the entry of the above described judgment, appellant filed a motion for separate trial in Cause No. F-179,199 on the claims and issues covered in his first amended original petition in Cause No. 176,450. Appellees filed a plea to the jurisdiction, which plea was sustained by the court, and appellant's motion for separate trial was denied and overruled.

Appellant's sole point of error is that the trial court erred in sustaining appellees' plea to the jurisdiction because there are parties and issues that were not disposed of in the agreed judgment.

■ Two basic questions are presented by this appeal: (1) Did the repleading by appellant in response to the order of consolidation effect a dismissal of the claims and causes of action he now seeks to have severed? (2) If it did not, then is the judgment a final judgment from which no appeal has been perfected?

The omission of a party to an amended pleading is a dismissal of the claims and causes of action against that party. Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (1942); State v. Roberson, 409 S.W. 2d 872 (Tex.Civ.App.—Tyler 1966, no writ); Dingman v. Spengler, 371 S.W.2d 416 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e.). At the time of the consolidation of Cause No. F-176,450 with Cause No. F-179,199, appellant's live pleading was his first amended original petition in Cause No. F-176,450, wherein Richard H. Solis and wife, Consuelo P. Solis, and Robert T. Gourley and wife, Ruth Gourley, were parties defendant. Thereafter, in the consolidated cause, F-179,199, appellant filed an answer and cross-action wherein the names of the Solises and Gourleys were omitted and no mention was made of them as parties. By such pleading the Solises and Gourleys were just as effectively dismissed from the suit by omitting their names as if a formal order of dismissal as to them had been entered. Brennan v. Greene, 154 S.W.2d 523 (Tex.Civ.App.—San Antonio 1941, writ ref'd). The property involved in appellant's live pleading at the time of the order of consolidation was Lots Nos. 15 and 16, Block 6, N.C.B. 13232, different property than that involved in appellant's answer and cross-action which he subsequently filed in the consolidated suit. It is our opinion that such

1. "Now comes David A. Kaine, doing business as David Kaine Company, hereinafter called 'Kaine', in compliance with an order entered in Cause No. F-176,450 in the 57th Judicial District Court of Bexar County, Texas directing the parties to replead, and realigns in this action as a party defendant and cross-plaintiff, and files this his original answer to the plaintiff's original petition, and says: * * *."

repleading effected a dismissal of the claims and causes of action he now seeks to have severed.

■ In any event, we are of the opinion that the judgment entered on December 13, 1967, in Cause No. F-179,199 (the consolidated case) was a final judgment which disposed of all issues and parties before the court. It is to be remembered that appellant's live pleading at the time of the order of consolidation was his first amended original petition in Cause No. F-176,450, wherein recovery was sought on the claims he now seeks to sever, in which amended petition appellant was plaintiff and Leigh Cooney, San Antonio Savings Association, Richard H. Solis and wife, Consuelo P. Solis, and Robert T. Gourley and wife, Ruth Gourley, were defendants.

Assuming arguendo that the claims and causes of action which appellant now seeks to sever were before the trial court after the repleading by appellant, the judgment entered on December 13, 1967, disposed of all parties legally before it and all issues made by the pleadings between such parties.

Our Supreme Court in North East Independent School District v. Aldridge, 400 S.W.2d 893 (1966), discussed the "recurring and nagging problem" of finality of judgments in some detail and held:

"* * * Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of the issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure,

it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation [136 Tex. 296, 150 S.W.2d 377]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied."

It is to be recalled that the judgment entered December 13, 1967, in Cause No. F-179,199 is designated a "Final Judgment," and recites that all parties to said suit announced that they had agreed upon a full and complete settlement of all matters involved in this suit and that the suit should be settled and disposed of by the judgment therein provided; and, after granting certain relief to the parties, also decrees that all relief not expressly granted is denied.

We find no error of the trial court in sustaining appellees' plea to the jurisdiction and denying appellant's motion for separate trial.

The judgment of the trial court is affirmed.

CADENA, Justice (concurring).

I would affirm solely on the ground that the judgment entered in Cause No. F-179,-199 disposed of all issues in the consolidated cases.