**BANKERS COMMERCIAL LIFE INSURANCE COMPANY, Relator,**

v.

**Honorable Amos A. GATES, County Judge, et al., Respondents.**

**No. 15587.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 18, 1969.

Davis, Davis & Hornbuckle, William L. Durham, Huntsville, for relator.

Adams, Granberry & Hines, F. P. Granberry, Crockett, for respondents.

PEDEN, Justice.

Our opinion filed on November 20, 1969, in response to the relator's original petition for a writ of mandamus, is withdrawn. We substitute the following for it after reviewing the realtor's amended petition.

In our earlier opinion we refused to issue a writ of mandamus commanding Honorable Amos A. Gates, County Judge of Walker County, to set aside his order granting a new trial and to give full effect to a judgment he had earlier entered in favor of the Bankers Commercial Life Insurance Company against Rebekah E. Bracewell in cause number 1826 in the County Court of Walker County, Texas.

■ Mandamus will not issue to compel a public official to perform an official act unless it is made to appear to the court that the relator's right to have the act performed is clear. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952).

Our earlier refusal to issue the writ was based on the lack of a showing in the record at that time as to whether the Walker County Commissioners' Court had established terms for its County Court as authorized by Article V, Section 29, of the Texas Constitution, Vernon's Ann.St., and if so, on what dates the terms began and ended. Thus the record did not show that the forty-fifth day after the filing of the motion for new trial fell during term time. Had such day fallen during vacation Rule 329b(7), Texas Rules of Civil Procedure, might have prevented the motion from being overruled by operation of law before entry of the order granting it.

■ The relator has now shown, in support of its amended petition, that the terms of the County Court of Walker County are successive terms throughout the year without more than two days intervening between any such terms. Therefore its terms are continuous ones, as defined by Subdivision 6 of Rule 329b, and Subdivision 7 of that Rule is not applicable.

■ The record reflects that the trial court entered a summary judgment in favor of the relator on July 3, 1969. The tenth day thereafter, July 13, was a Sunday, so respondent Mrs. Bracewell's motion for new trial was timely filed on the following day. Her motion was not amended, the trial court did not rule on it within 45 days after it was filed and the parties did not file with the clerk of the court a written agreement postponing the decision on the motion to a stated day certain as permitted by Rule 329b(3). The order granting a new trial was entered on October 10, 1969, which is 43 days beyond the 45th day after it was filed.

We have concluded, however, that we are not authorized to grant a writ of mandamus under the facts here presented.

The authority of Texas Courts of Civil Appeals to issue writs of mandamus is limited to that granted by statute. We may issue such writs as are necessary to enforce our jurisdiction (Art. 1823, Vernon's Annotated Texas Statutes), to compel a district or county court to proceed to trial and judgment in a cause (Art. 1824, V.A.T.S.) or for certain purposes in connection with elections and political party conventions (Art. 1735a).

■ It is the relator's position that we are empowered by Art. 1824 to grant the writ in this case, but we conclude on the authority of Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (Tex.Sup.1942) that our power to compel a district or county court to proceed to trial and judgment is not sufficiently broad to authorize us to issue the writ sought in this proceeding. In that case the Supreme Court held that it alone had authority to issue a writ of mandamus to compel the judge of a district court to set aside an order by which he undertook to set aside a judgment over which the court had lost its power, more than thirty days having passed since the entry of judgment and no motion for new trial having been filed.

And the San Antonio Court of Civil Appeals held in Curtis & Co. v. Wade, Tex. Civ.App., 325 S.W.2d 859 (1959, no writ), that even though it be established that no motion for new trial was filed within ten days of the rendition of the judgment as required by Rule 329b(1) and that the order granting the new trial was rendered more than thirty days after the rendition of the judgment nil dicit, in violation of Rule 329b(5), the Court of Civil Appeals would not have jurisdiction to grant the writ of mandamus requiring the district judge to set aside his order granting the new trial, because "we do not have supervisory jurisdiction over trial courts." Also, that Arts. 1823 and 1824 do not apply.

Mandamus refused.