Annie J. HATLEY et al., Appellants,

v.

Eldred SCHMIDT et al., Appellees.

No. 14988.

Court of Civil Appeals of Texas,
San Antonio.

July 21, 1971.

Rehearing Denied Sept. 15, 1971.

Moursund, Ball, Young & Adelman, San Antonio, for appellants.

Carl Wright Johnson, Alfred W. Offer, Arch G. Adams, San Antonio, for appellees.

KLINGEMAN, Justice.

Appellants, Annie J. Hatley and Indiana Lumbermens Mutual Insurance Company, appeal from summary judgments entered against them in favor of Eldred and Elmer Schmidt in a suit by appellants for contribution and indemnity arising out of a judgment against Annie J. Hatley in favor of Holland C. Weaver, individually and as next friend of his minor son, Richard Lee Weaver. Richard Lee Weaver was a passenger in a car owned by Elmer Schmidt and being driven by Eldred Schmidt, which was involved in a collision with an auto-

mobile being driven by Annie J. Hatley, in which collision Richard Lee Weaver was injured. Indiana Lumbermens Mutual Insurance Company was the insurer of Annie J. Hatley under a Texas automobile liability insurance policy.

Appellants assert eight points of error, but we will first consider appellees' counter point that this Court has no jurisdiction to hear such appeal, and that the cause should be dismissed. We deem it necessary in passing upon such counter point to set forth in some detail the involved pleadings in the case before us on appeal.

Plaintiff, Annie J. Hatley, filed her original petition January 11, 1968, in which Eldred Schmidt was the only named defendant. After due answer by Eldred Schmidt, Annie J. Hatley amended her original petition on February 23, 1968, bringing in defendant Elmer Schmidt as a defendant. On July 15, 1968, an instrument entitled Plaintiffs' Annie J. Hatley and Indiana Lumbermens Mutual Insurance Company Supplemental Petition was filed in which Indiana Lumbermens Mutual Insurance Company was revealed as the real owner of the alleged cause of action, alleging subrogation on the part of Indiana Lumbermens Mutual Insurance Company to all rights of Annie J. Hatley. On July 24, 1968, an instrument entitled Plaintiffs' Annie J. Hatley and Indiana Lumbermens Mutual Insurance Company Second Supplemental Petition was filed in which Aetna Casualty Company was named as an additional defendant. On August 1, 1968, Eldred and Elmer Schmidt filed their Second Amended Original Answer, and on the same date filed their Second Motion for Summary Judgment. On August 8, 1968, Elmer Schmidt, Eldred Schmidt and Aetna Casualty Company filed a plea in abatement, and Aetna appeared and answered subject to such plea in abatement. On August 9, 1968, Annie J. Hatley and Indiana Lumbermens Mutual Insurance Company filed a pleading designated First Amended Supplemental Petition complaining only of Elmer and Eldred Schmidt,

deleting Aetna as a party. On September 3 and 4, 1968, the summary judgments complained of were granted appellees as to Annie J. Hatley and Indiana Lumbermens Mutual Insurance Company, respectively. On January 5, 1971, an ex parte order entitled Final Order was entered wherein appellants attempted to take a non-suit as to Aetna, which was granted by the court, and in this purported Final Order, appellants for the first time attempted to take an appeal from the summary judgments rendered against appellants on September 3 and 4, 1968.

The determinative consideration in this connection is whether the summary judgments entered on September 3 and 4, 1968, were final judgments, effectively disposing of all parties and issues before the court. It is to be remembered that appellants first brought Aetna into the suit on July 24, 1968, by a pleading entitled Second Supplemental Petition, and that after Aetna had filed a plea in abatement and an answer subject to such plea in abatement, appellants filed their First Amended Supplemental Petition in which only Elmer and Eldred Schmidt were named defendants, and Aetna was omitted as a party defendant. The prayer contains no reference to the Second Supplemental Petition, although it does specifically designate the First Amended Original Petition as a live pleading.

As a general rule, the filing of an amended petition omitting an individual as a party defendant has the effect of dismissing such party just as effectively as if an order had been entered to that effect. Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (1942); Kaine v. Cooney, 448 S.W.2d 223 (Tex.Civ.App.—San Antonio 1969, no writ); State v. Roberson, 409 S.W.2d 872 (Tex.Civ.App.—Tyler 1966, no writ); Dingman v. Spengler, 371 S.W.2d 416 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e.); Brennan v. Greene, 154 S.W.2d 523 (Tex.Civ.App.—San Antonio 1941, writ ref'd).

■ The filing of an amended petition is to add something to or withdraw something from that which has been previously pleaded, and an amended pleading supplants the instrument amended and takes the place of such amended instrument. Rules 62, 63, 64 and 65, Texas Rules of Civil Procedure; 2 McDonald, Texas Civil Practice, Supplemental and Amended Pleadings, Sections 8.01.2 and 8.01.3. The proper way to bring new parties into a suit is by an amended pleading and not by a supplemental pleading. McDonald, supra; First State Bank v. Rice, 251 S.W. 284 (Tex.Civ.App.—Texarkana 1923, no writ). Assuming, arguendo, that Aetna was properly brought into this suit by appellants' Second Supplemental Petition, we think that Aetna was effectively dismissed from such suit by appellants' First Amended Supplemental Petition. From a review of such pleadings, it is our opinion that appellants' First Amended Supplemental Petition supplanted and took the place of their previous supplemental pleadings, and that Aetna was no longer a party to such suit at the time of the entry of such summary judgments. Under the record we hold that the summary judgments entered on September 3 and 4, 1968, were final judgments which disposed of all issues and parties before the court, and that appellants have not timely perfected their appeal. Rules 353, 356, Texas Rules of Civil Procedure.

This appeal is dismissed.

CADENA, Justice (dissenting).

While the pleadings in this case can accurately be described as unusual, it is apparent from a reading of the instrument designated "First Amended Supplemental Petition" that it was intended to amend only plaintiffs' "Supplemental Petition," and not their "Second Supplemental Petition" which was utilized for the purpose of bringing Aetna Casualty Company into the case as an additional defendant.[1]

I would hold that the Second Supplemental Petition remained a live pleading in the case and that, therefore, there was no final judgment until the entry of the order disposing of Aetna.

1. While a supplemental petition is not the usual vehicle for bringing in a new party, the propriety of the plaintiffs' action in filing a Second Supplemental Petition instead of an amended original petition for this purpose is not before us, since Aetna filed an answer in the case.