

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00003-CV

**TEXAS ASSOCIATION OF COUNTY EMPLOYEES**,
Appellant

v.

Nelson **WOLFF**, County Judge of Bexar County; Bexar County Commissioners Justin Rodriguez,[1] Sergio "Chico" Rodriguez, Tommy Calvert, and Kevin Wolff; and Bexar County, Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-14932
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: July 17, 2019

AFFIRMED

This appeal concerns ongoing efforts by Bexar County's deputy constables to engage in collective bargaining with Bexar County.[2] The crux of the parties' dispute is whether, under chapter 174 of the Texas Local Government Code, "The Fire and Police Employee Relations Act,"

---

[1] Appellee Paul Elizondo's successor, Bexar County Commissioner Justin Rodriguez, is automatically substituted in his stead under Texas Rule of Appellate Procedure 7.2. *See* TEX. R. APP. P. 7.2(a).

[2] We refer to the appellees, Bexar County and individuals acting in their capacities as officials of Bexar County, collectively as "Bexar County."

a county's deputy constables and deputy sheriffs are officers of the same "police department" or different "police departments." However, the underlying suit filed in the trial court does not seek a declaration of the parties' rights and responsibilities under the Act to resolve this specific dispute and, consequently for this appeal, resolving this dispute is unnecessary to dispose of the specific legal issues now pending before this court.

In the underlying suit filed in the trial court, the Texas Association of County Employees (TACE), an organization whose members include deputy constables, sued Bexar County seeking a money judgment and a court order requiring Bexar County to "immediately begin to engage in collective[] bargaining." The evidence before us establishes that, even if TACE is correct that under the Act, deputy constables and deputy sheriffs are separate "police departments" and are entitled to collectively bargain with the county independently, TACE failed to follow procedures set out in the Act to be recognized as the exclusive bargaining agent for the county's deputy constables' "police department." Because TACE failed to follow these procedures, the dispute about whether a county's deputy constables and deputy sheriffs are in separate "police departments" is immaterial, and we must affirm the trial court's order granting Bexar County's plea to the jurisdiction.

BACKGROUND

In 2009, before the underlying suit was filed, the Deputy Constables Association of Bexar County (DCABC) requested that Bexar County engage in collective bargaining. Although the request was placed as an item on the Commissioners Court agenda, no action was taken on the request. In 2012, DCABC filed suit seeking a declaratory judgment and writ of mandamus to establish its right to engage in collective bargaining with the county on behalf of the county's deputy constables. The case was appealed to this court, which held the Act did not give deputy constables the right to compel the county to engage in collective bargaining. In *Jefferson County*

*v. Jefferson County Constables Association*, the Supreme Court of Texas disapproved of this court's holding. *See* 546 S.W.3d 661 (Tex. 2018) (abrogating *Wolff v. Deputy Constables Ass'n of Bexar Cty.*, 441 S.W.3d 362 (Tex. App.—San Antonio 2013, no pet.)).

At some point, a deputy constable and former executive board member of DCABC, Andy Lopez, became a board member of and spokesperson for TACE. Before obtaining written authorization forms to represent any of the county's deputy constables as their exclusive bargaining agent, TACE sent a June 12, 2018 letter to the Bexar County commissioners formally requesting that TACE be recognized as the deputy constables' exclusive bargaining agent under the Act. Although TACE's request was placed as an item on the Commissioners Court agenda, no action was taken on the request.

On August 9, 2018, still before obtaining written authorization forms to represent any of the county's deputy constables as their exclusive bargaining agent, TACE sued Bexar County and its officials, alleging they wrongfully refused to engage in collective bargaining with TACE on behalf of the county's deputy constables. TACE alleged it had requested collective bargaining in 2009 and was "organized under a different name," suggesting TACE was DCABC. Several weeks later, DCABC president, Salvador J. Rodriguez, sent a letter to Bexar County, stating DCABC had "no part or interest in this lawsuit." The letter expressed concern about possible confusion and stated DCABC's "wishes to continually work with [the county] in a harmonious and cooperative manner."

Bexar County, through its commissioners, approved a motion on September 11, 2018, "establishing that there exists a question . . . as to the identity of the exclusive majority bargaining agent" for the county's law enforcement officers. The motion requested "that the parties tender a certified election outcome" to determine the identity of the deputy constables' exclusive bargaining agent. The agenda coordination form, which contained background information about

the matter, noted TACE was operating as DCABC, but "another group operating under the same name . . . provided notice that it is not associated with . . . TACE." The form also stated the county had recognized another association, the Deputy Sheriffs Association of Bexar County, as the bargaining agent for deputy sheriffs. Like deputy constables, deputy sheriffs are considered the county's "police officers" under the supreme court's decision in *Jefferson County Constables Association*, 546 S.W.3d at 668–72.

On September 20, 2018, Bexar County filed an answer and plea in abatement, raising jurisdictional and other defenses. Bexar County also argued TACE had not alleged, and could not demonstrate, that it had been selected as the majority representative to be the deputy constables' exclusive bargaining agent, and failed to timely request collective bargaining before the date on which the county's fiscal operating budget ended. In September and October 2018—after sending its June 12, 2018 request for collective bargaining and after suing Bexar County—TACE began collecting forms executed by deputy constables expressly authorizing TACE to act as their exclusive bargaining agent. Having obtained authorizations from 31 of Bexar County's 67 deputy constables, TACE sent Bexar County a second request for collective bargaining on November 5, 2018, after the beginning of the county's fiscal operating budget year. On November 9, 2018, in response to a discovery request, TACE admitted it had not pursued a fair election under the Act to establish it is the deputy constables' majority representative.

Bexar County filed an original plea to the jurisdiction on November 21, 2018, arguing TACE lacked standing to file suit and could not establish a waiver of the county's governmental immunity from suit. Bexar County contended TACE provided untimely notice of its request for collective bargaining; TACE was not selected as a majority representative who could act as the deputy constables' exclusive bargaining agent; and Bexar County never "refused" to engage in

collective bargaining because it was seeking to resolve which association was the proper bargaining agent by a fair election under the Act.

The plea was set for a November 29, 2018 hearing, but was reset for December 17, 2018. TACE filed a response to Bexar County's plea and a second amended petition, including allegations about several of the above-described occurrences that transpired after TACE filed its lawsuit. In its response to the plea, TACE produced authorization forms from five additional deputy constables executed after TACE had sent its second request for collective bargaining on November 5, 2018. It was not until December 6, 2018, that TACE had obtained authorizations from over half of the county's deputy constables. Bexar County filed an amended plea to the jurisdiction on December 14, 2018, in response to TACE's amended petition. After hearing arguments and taking the matter under advisement, the trial court granted the amended plea. TACE timely appealed to this court.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When the plea to the jurisdiction challenges the existence of jurisdictional facts that implicate the merits, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the

jurisdiction must be granted as a matter of law." *Id.* When the plea to the jurisdiction challenges the existence of jurisdictional facts that do not implicate the merits, the trial court may rule on the plea to the jurisdiction even if the facts are disputed. *Miranda*, 133 S.W.3d at 226–27; *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 71 (Tex. App.—Austin 2009, pet. denied).

### FAILURE TO SET THE AMENDED PLEA FOR A HEARING

TACE complains the trial court erred, as a procedural matter, by granting Bexar County's amended plea because the amended plea was not set for a hearing, only the original plea was set for a hearing. TACE did not raise this issue in the trial court. *See* TEX. R. APP. P. 33.1(a) (requiring a timely complaint, objection, or motion and a ruling by the trial court for an issue to be preserved for appeal). Furthermore, "an amended pleading supplants the instrument amended and takes the place of such amended instrument." *Hatley v. Schmidt*, 471 S.W.2d 440, 442 (Tex. Civ. App.— San Antonio 1971, writ ref'd n.r.e.). Bexar County's amended plea therefore supplanted the original plea and took its place, and the trial court's order setting the original plea for a hearing was therefore effective as to the amended plea. TACE did not complain in the trial court, and does not argue here on appeal, that it had insufficient time to adequately respond to the amended plea. The amended plea was substantively similar to the original plea, and was filed in response to TACE's second amended pleading. We therefore overrule this issue. For clarity, in the remainder of this opinion, we will refer to the amended plea, which supplanted the original plea, as the "plea."

### SUBJECT MATTER JURISDICTION[3]

In its plea to the jurisdiction, Bexar County argued the trial court lacked subject matter jurisdiction because TACE lacked standing and could not establish its suit fell within a statutory

---

[3] We note at the outset that Bexar County presented three grounds for dismissal in its plea. TACE did not challenge the untimeliness of its request for collective bargaining in this court until its reply brief. *See Hailey v. Paduh*, No. 04-12-00823-CV, 2014 WL 1871334, at *12 (Tex. App.—San Antonio May 7, 2014, no pet.) (mem. op.) (citing authorities) ("[A]s this court has held, a reply brief is not intended to allow an appellant to raise new issues and issues

waiver of its governmental immunity from suit. *See Jefferson Cty. Constables Ass'n*, 546 S.W.3d at 665–66 (stating standing is a component of subject matter jurisdiction); *Miranda*, 133 S.W.3d at 225–26 (stating immunity from suit, unless waived, defeats a trial court's subject matter jurisdiction). TACE alleged its suit falls within the waiver of governmental immunity provided in chapter 174 of the Texas Local Government Code, "The Fire and Police Employee Relations Act." *See* TEX. LOC. GOV'T CODE §§ 174.001–.253.

The Act's provisions govern the right of fire fighters and police officers to engage in collective bargaining with their employers. *See id.* Section 174.008 of the Act provides a limited waiver of immunity:

> WAIVER OF IMMUNITY. This chapter is binding and enforceable against the employing public employer, and sovereign or governmental immunity from suit and liability is waived only to the extent necessary to enforce this chapter against that employer.

*Id.* § 174.008. The plain language of this provision limits the waiver of immunity "only to the extent necessary to enforce" the Act against the employer. *Id.* "Because the Act allows only fire fighters and police officers to engage in collective bargaining with their public employers, it follows that only fire fighters and police officers have standing to complain when an employer refuses to do so in violation of the Act." *Jefferson Cty. Constables Ass'n*, 546 S.W.3d at 667. Thus, the trial court lacks subject matter jurisdiction if TACE is unable to establish a violation of the Act.

TACE's second amended petition, its live pleading, does not state the specific provision of the Act that Bexar County allegedly violated, but pleads Bexar County refused to engage in

---

raised for the first time in a reply brief are waived."). TACE also does not challenge Bexar County's ground regarding the fair election. Under our numerous prior decisions, TACE's failure to brief these independent grounds for dismissal is sufficient to affirm the trial court's judgment on the unchallenged grounds. *See id.*; *San Antonio Press, Inc. v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App.—San Antonio 1993, no writ). We will nevertheless address TACE's complaint that the trial court erred by granting Bexar County's plea to the jurisdiction out of an abundance of caution.

collective bargaining with TACE on behalf of its deputy constable members. In its response to Bexar County's plea, TACE alleged its deputy constable members have a right to collectively bargain under sections 174.023 and 174.102 of the Act. Section 174.023 provides:

> RIGHT TO ORGANIZE AND BARGAIN COLLECTIVELY. On adoption of this chapter or the law codified by this chapter by a political subdivision to which this chapter applies, fire fighters, police officers, or both are entitled to organize and bargain collectively with their public employer regarding compensation, hours, and other conditions of employment.

TEX. LOC. GOV'T CODE § 174.023. Section 174.102 provides:

> RECOGNITION OF BARGAINING AGENT FOR POLICE OFFICERS. A public employer shall recognize an association selected by a majority of the police officers of the police department of a political subdivision as the exclusive bargaining agent for the police officers of that department unless a majority of the police officers withdraw the recognition.

*Id.* § 174.102. We liberally construe TACE's pleadings as alleging Bexar County violated its members' rights to engage in collective bargaining under these provisions.

**A. TACE had not been selected by a majority of the county's deputy constables when TACE sent its collective bargaining requests to Bexar County.**

In its plea, Bexar County argued it could not properly recognize TACE as an exclusive bargaining agent under the Act because TACE was not selected by a majority of "police officers" of the "police department." Section 174.102 requires Bexar County to "recognize an association selected by a majority of the police officers of the police department . . . as the exclusive bargaining agent for the police officers of that department unless a majority of the police officers withdraw the recognition." *See id.* We construe statutes according to the plain meaning of their terms and consider words and phrases in context of the whole statute. *See Jefferson Cty. Constables Ass'n*, 546 S.W.3d at 667. A "majority," as used in section 174.102, means "a number that is more than half of a total; a group of more than 50%." BLACK'S LAW DICTIONARY 974 (8th ed. 2006).

The parties do not dispute Bexar County's deputy constables are "police officers" under the Act and have a right to engage in collective bargaining. *See Jefferson Cty. Constables Ass'n*, 546 S.W.3d at 667–73. However, they dispute whether the county's deputy constables and deputy sheriffs are officers of the same "police department" or of separate "police departments" under section 174.102. Bexar County posits there is a single "police department" for deputy constables and deputy sheriffs, and argues there may be only one exclusive bargaining agent for its "police officers" and it already recognizes the Deputy Sheriffs Association of Bexar County as the deputy sheriffs' exclusive bargaining agent. TACE posits the deputy constables are in a separate "police department" from the deputy sheriffs, arguing the county must collectively bargain with the majority representative of each "police department" separately.

In this appeal, the parties' dispute about the meaning of "police department" in the Act is immaterial. In its plea, Bexar County argued TACE was not an appropriate association to recognize as an exclusive bargaining agent because TACE was not selected by a majority of "police officers" of the "police department." Even if TACE is correct that the county's deputy constables and deputy sheriffs are officers of different "police departments," the evidence establishes TACE did not follow the proper procedures to be recognized as the majority representative of the county's deputy constables before sending collective bargaining requests to Bexar County.

The evidence establishes TACE sent its first request for collective bargaining and filed suit without obtaining any deputy constables' express written authorization forms to act as their exclusive bargaining agent. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444, 446 n.9 (Tex. 1993) (explaining that standing is a "constitutional prerequisite" to filing suit and "is determined at the time suit is filed in the trial court"). When TACE sent its second request for collective bargaining, it had obtained authorization forms from only 31 of 67 deputy constables.

Zero and 31 are not "more than half" or "a group of more than 50%" of 67, and those numbers therefore do not represent a "majority" of deputy constables under the plain language of section 174.102 of the Act.

TACE expressly based its lawsuit on Bexar County's refusal to respond to its June 12, 2018 and November 5, 2018 requests for collective bargaining. But it is undisputed that, on those dates, TACE was not "selected by a majority" of deputy constables. The Act requires Bexar County to "recognize an association selected by a majority of the police officers of a police department." *See* TEX. LOC. GOV'T CODE § 174.102. As we read section 174.102, the Act does not require Bexar County to recognize an association that is not selected by a majority of the police officers of a police department. When TACE sent each of its requests for collective bargaining, and when TACE filed suit, TACE was not "an association selected by a majority of the police officers of a police department"—even under TACE's proposed construction of "police department." The Act therefore did not require Bexar County to recognize TACE "as the exclusive bargaining agent" for the county's deputy constables, and TACE is unable to establish a violation of the Act for Bexar County's failure to do so. *See id.*

**B. Alternatively, TACE admitted it did not seek a fair election to determine it is the "majority representative" of the county's deputy constables.**

The evidence also establishes there remains a question as to whether TACE or DCABC, or some other entity, is the majority representative of the county's deputy constables. In its plea, Bexar County argued it conclusively negated TACE's allegation that Bexar County "refused" to engage in collective bargaining. Bexar County argued it complied with section 174.104 of the Act. Section 174.104 provides:

> QUESTION REGARDING REPRESENTATION. A question of whether an association is the majority representative of the employees of a department under Sections 174.101-174.103 shall be resolved by a fair election conducted according to procedures agreed on by the parties.

TEX. LOC. GOV'T CODE § 174.104(a). If the parties are unable to agree on an election procedure, either party may request an election and certification of results through the American Arbitration Association. *Id.* § 174.104(b).

In 2009, DCABC claimed it was entitled to engage in collective bargaining with Bexar County on behalf of the county's deputy constables. TACE's allegations suggest it is DCABC, but DCABC disputed TACE's authority to act on behalf of DCABC or its members. In response to a discovery request, TACE admitted it had "no right to bargain any labor agreement on behalf of the members of [DCABC]." Bexar County, through its commissioners, approved a motion on September 11, 2018, "establishing that there exists a question . . . as to the identity of the exclusive majority bargaining agent" for the county's law enforcement officers. The motion requested "that the parties tender a certified election outcome" to determine the identity of the deputy constables' exclusive bargaining agent. In response to a request for admission, TACE admitted "it has not requested an election of any kind." Construing section 174.104 together with the Act's other provisions, we conclude a county does not violate the Act by failing to recognize an association as a "majority representative" and an exclusive bargaining agent when there is an unresolved question about whether that association is in fact the majority representative. *See id.* Because there is a question of whether TACE is the deputy constables' majority representative, TACE is unable to establish that Bexar County violated the Act before TACE filed its lawsuit.

## CONCLUSION

Our opinion should not be construed as weighing in on the parties' dispute as to whether a county's deputy constables constitute a "police department" separate from that county's deputy sheriffs. We simply hold, as the Supreme Court of Texas has held, that before suing a county and its officials for violating the act, the county and its officials must have actually violated the act.

*See Jefferson Cty. Constables Ass'n*, 546 S.W.3d at 667. TACE did not follow the proper procedures under the Act to be recognized as the deputy constables' exclusive bargaining agent before sending collective bargaining requests to, and suing, Bexar County. Thus, the evidence establishes TACE cannot establish a violation of the Act to show its standing or a waiver of Bexar County's governmental immunity from suit. Because TACE lacked standing to file suit and is unable to establish a waiver of Bexar County's governmental immunity, the trial court correctly determined it lacked subject matter jurisdiction. We therefore affirm the trial court's order granting Bexar County's plea to the jurisdiction.

Luz Elena D. Chapa, Justice